## HURST v. REEDER.

[No. 12,918.    Filed June 17, 1927.]

1. PHYSICIANS AND SURGEONS.—*Question whether physician's or surgeon's treatment or manner of performing operation was proper can be answered only by persons possessing the requisite skill and knowledge.*—In an action against a physician or surgeon for malpractice, questions requiring scientific or expert knowledge can be answered only by those possessing the requisite skill and knowledge to give their answers probative value, and persons not qualified are not competent witnesses as to such questions.    p. 296.

2. PHYSICIANS AND SURGEONS.—*Surgeon's negligence in leaving roll of gauze in patient's nasal passage for nine days after operation was question of fact for the jury.*—In an action against a surgeon for malpractice, the question whether the defendant was negligent in leaving a roll of gauze in plaintiff's nasal passage for a period of nine days was a question of fact for the jury, to be determined from all the evidence in the case.    p. 296.

3. PHYSICIANS AND SURGEONS.—*In malpractice action, question as to who placed roll of gauze in patient's nasal passage one for the jury.*—In an action against a surgeon for malpractice in leaving a roll of gauze in the patient's nasal passage while removing her tonsils and adenoids, the question as to who placed the gauze there is a question of fact for the jury.    p. 296.

4. APPEAL.—An appellant tribunal will not weigh the evidence, but will affirm the judgment if there is any evidence to sustain the verdict.    p. 296.

5. TRIAL.—Refusal to give a requested instruction is not error where the court gave an instruction covering the same subject-matter.    p. 297.

6. TRIAL.—Refusal to give a peremptory instruction to find for the defendant was not error where there was evidence supporting a verdict for the plaintiff.    p. 297.

7. DAMAGES.—*Rule on appeal as to excessive damages.*—An appellate tribunal will not reverse a judgment for excessive damages where there is nothing to indicate that the jury was influenced by bias, prejudice or partiality.    p. 297.

From Posey Circuit Court; *Herdis F. Clements,* Judge.

Action by Rosalie Reeder against W. Randolph Hurst. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Edmond L. Craig,* for appellant.

*John W. Spencer, Jr.* and *John L. Sanders,* for appellee.

THOMPSON, C. J.—This appeal is taken from an action by appellee against appellant for damages for personal injury alleged to have resulted from the malpractice of appellant.

The complaint alleged, in substance, that on November 17, 1925, appellant herein, who was a duly licensed and practicing physician and surgeon in Vanderburgh county, was employed by appellee to perform an operation for the removal of her tonsils and adenoids; that said operation was performed by appellant in such a negligent manner that a roll or pad of gauze was left in appellee's nasal passage, and that said roll of gauze caused appellee much pain and suffering and caused a nauseating odor and excretion; that appellee remained under the care of appellant until November 24, 1925, at which time appellant pronounced her cured, but, in fact, she was not cured. Judgment was demanded for $5,000.

Appellant filed answer in general denial. There was a trial by jury, and at the close of the evidence, both appellant and appellee submitted certain instructions to be given to the jury. A verdict was returned in favor of appellee, assessing her damages at $500. Appellant's motion for a new trial was overruled, and judgment was rendered on the verdict.

The error assigned for reversal is the overruling of appellant's motion for a new trial. The specific reasons are: (1) The giving of certain instructions tendered by the appellee, and the refusal to give certain

instructions tendered by the appellant; (2) the amount of recovery is too large; (3) the verdict is not sustained by sufficient evidence, and is contrary to law.

The controlling questions to be determined in this case are: Did the appellant place the roll of gauze in appellee's nasal passage? If so, was he negligent in leaving said roll of gauze in appellee's nasal passage for the length of time complained of and resulting in appellee's injuries as alleged in the complaint?

We concede the law to be, as stated by appellant, that questions requiring scientific or expert knowledge can be answered only by those possessing the requisite skill and knowledge to give their answers probative value, and persons not qualified are not competent witnesses as to such questions. See *Longfellow* v. *Vernon* (1914), 57 Ind. App. 611, 105 N. E. 178; *Walker Hospital* v. *Pulley* (1920), 74 Ind. App. 659, 128 N. E. 933; *Welch* v. *Page* (1926), 85 Ind. App. 301, 154 N. E. 24.

The testimony of appellant and other physicians and surgeons shows that the operation was performed skillfully and according to the approved practice in such operations, but the question as to whether or not appellant was negligent in leaving the roll of gauze in appellee's nasal passage for a period of nine days was a question of fact for the jury to determine from all the evidence in the case.

There is evidence in the record by expert witnesses to the effect that if the gauze was so left in appellee's nasal passage for a period of nine days, it was not the proper practice, and would result in injury to the patient. The question as to who placed the gauze in appellee's nasal passage was also a question of fact for the jury to determine from all the evidence. Where there is evidence to sustain the verdict, this court will not weigh the evidence.

Appellant earnestly contends that instruction No. 9, tendered by appellant and refused by the court, should have been given. There was no error in refusing this instruction, as instruction No. 13, given by the court at appellant's request, covered the same subject-matter. Neither did the court err in refusing to give instruction No. 14, which was peremptory instruction to find for the appellant, as there was evidence to support the verdict.

Appellant also complains of the amount of the verdict. However, this court would not be justified in reversing the judgment on account of the amount thereof, as nothing appears in the record to indicate that the jury was in any way influenced by bias, prejudice or partiality.

There was no error in overruling the motion for a new trial.

Affirmed.