INDIANA LIMESTONE COMPANY *v.* RIDGE.

[No. 13,737.    Filed September 24, 1929.]

*George W. Henley, Alfred Evens* and *Leroy Baker,* for appellant.

*John F. Regester* and *James R. Regester*, for appellee.

REMY, J.—On March 22, 1928, appellee, while in the employment of appellant, received an injury to his right foot, and was awarded compensation on the basis of total temporary disability. On March 5, 1929, a review on account of alleged change in conditions resulted in a finding that appellee had sustained a seventy-five per cent permanent impairment of the right foot below the knee, and an award was made accordingly, that is, for 112½ weeks.

At the hearing, the only question in controversy was as to the degree of permanent partial impairment of appellee's injured member; and, on appeal, the sufficiency of the evidence to sustain the award is the one question presented.

The physician who treated the injury and examined appellee with a view of determining the degree of impairment, testified that all of the toes and a part of the foot were amputated, the amputation being back of the ball of the great toe, and that, in his opinion, the degree of permanent partial impairment "with respect to the foot below the knee" is from thirty-three and one-third per cent to thirty-five per cent. Appellee, as a witness in his own behalf, appeared before the Industrial Board without an attorney, described his injuries and explained the use he had of his foot, following which, in response to a question asked by a member of the board, he stated that the degree of impairment of "the foot" was seventy-five per cent.

It is argued by appellant that there is no evidence to sustain the award. Two reasons are advanced, the first being that the testimony of appellee as to the degree of impairment was but the opinion of a layman, and, therefore, cannot be considered. We do not so understand the law. Appellee was not testi-

fying as an expert; he was not expressing, as an opinion, the degree of impairment; he stated as a fact, based upon his own experience, that the impairment of the foot was seventy-five per cent. The evidence was competent and material; its weight was for the Industrial Board.

The second reason given by appellant, in support of its contention that there is no evidence to sustain the award, is that when appellee was testifying as a witness in his own behalf, the question was asked as to the impairment of his foot, and not of his "foot below the knee," the term which is used in the section of the act fixing the compensation to be paid for loss of a foot by amputation. See clauses (a) and (c) §31, Workmen's Compensation Act (Acts 1919 p. 158, §9476 Burns 1926). There is no merit in the contention. To be sure, the clause of the statute referred to fixes compensation to be paid for loss by amputation of the foot below the knee. The statute has reference to amputation of the foot by a separation below the knee. Amputation of a part of a foot at a point back of the great toe, as established by the evidence, was necessarily below the knee. Appellant was represented at the hearing by very able counsel, who made no objection to the form of the question which was asked by a member of the board. It is apparent from the record that appellee, the members of the board and appellant's counsel all understood, at the time, that the question propounded to appellee called for an answer as to the degree of loss of the use of the foot caused by the amputation as the same had been proved by the evidence.

The award is sustained by sufficient evidence.

Affirmed.