HUGHES *v.* FAYETTE REALTY & DEVELOPMENT COMPANY.

[No. 14,942.   Filed October 16, 1934.]

*Stanley E. Stohr,* for appellant.

*Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, John S. Taylor,* and *J. Olias Vanier,* for appellee.

DUDINE, J.—This is an appeal from an award of the Industrial Board, denying appellant compensation.

The evidence shows that appellant was employed by appellee on the 16th day of January, 1932, that his work

consisted of laying track in a coal mine, that it required appellant to lift heavy iron rails, that he had been engaged at that kind of work for several years, that on said date, while he was lifting an iron rail it slipped from his hands, and hit him in the right groin, that he had theretofore suffered from a rupture in the same region for five years previously, that following the blow of the rail his rupture pained him severely, that he continued at said employment until January 26, 1932, when in the course of said employment his rupture descended, and could not be replaced, that it necessitated an operation, that the rupture had descended several times previous to the injury, but appellant in each instance replaced it himself. That appellant was operated upon by his family doctor without consulting appellee concerning the operation or cost thereof. The medical testimony on the subject was in effect that it could not be determined what caused the strangulation of the hernia.

The board found that appellant had failed to prove that an accident had arisen out of his employment, and that appellant's disability was the result of such accident.

The errors assigned and relied upon for reversal are that the award is (1) contrary to law, (2) not supported by sufficient evidence.

Appellant contends that the evidence conclusively shows that an accident occurred on January 16, 1932, in the course and out of his employment, and that the final descent of his rupture was caused by this accident.

In determining the sufficiency of the evidence to sustain the award of the Industrial Board this court needs to consider only the evidence which is favorable to the award, and if there is any competent evidence in the record which supports the award, the award will not be reversed on account of insufficiency of the evidence. If the evidence is such that

inferences supporting the award are reasonably deducible therefrom the evidence is sufficient to sustain the award.

Appellant had the burden of proving a compensable claim. In order to justify a reversal of the award on the ground of insufficiency of the evidence to support the award, the evidence had to be so conclusively in favor of appellant that it could not reasonably be construed to give rise to inferences favorable to appellee.

The medical testimony herein was not so conclusive to the effect that the accident of January 16, 1932, caused the strangulation of the hernia, that inferences to the contrary could not be reasonably drawn therefrom. In fact insofar as the medical testimony is concerned, appellant did not carry out his burden of proving that the injury arose out of the accident, one of his medical witnesses testified he did not know what caused the strangulation of the hernia, and appellant's other medical witness did not testify as to whether or not the accident of January 16th caused the strangulation of the hernia.

Other inferences favorable to the award could reasonably be drawn from the evidence, but we do not consider it beneficial to discuss them. We hold that the evidence referred to herein was sufficient to sustain the award, and that the award is not contrary to law.

Award affirmed.