## DUGAN v. SHELLER MANUFACTURING COMPANY.

[No. 16,247. Filed November 30, 1938.]

*Tod Whipple,* for appellant.

*L. A. Shaner* and *Slaymaker, Merrell & Locke,* for appellee.

STEVENSON, P. J.—This is an appeal from an award of the Industrial Board of Indiana denying the appellant compensation.

The record discloses that the application was filed with the Industrial Board of Indiana by the appellant and upon hearing before one member, there was a finding for the appellant. The matter was then submitted before the full Industrial Board and a finding and order by a majority of its members decreed that the appellant take nothing by his complaint. The hearing member dissented.

The appellant assigns as error before this court gen-

erally that the award of the full Industrial Board is contrary to law.

It was stipulated by the parties that on December 2, 1937, the appellant was in the employment of the appellee, Sheller Manufacturing Company, with an average weekly wage in excess of $30.00. The appellant testified that he had been in the employ of the Sheller Manufacturing Company since October 15, 1935, and that on December 2, 1937, he went to work at 4:30 in the afternoon, intending to work eight hours. He further testified that he worked on a lathe, making automobile steering wheels, that about 8:30 on the evening of December 2, 1937, and while working with his lathe, he stooped to pick up a hub, slipped on the floor made wet from alcohol used in operation of high speed machinery, and hit his head against the lathe. This accident caused an injury on the left side of his head which bled freely and caused the appellant to become dizzy and sick. The appellant testified that he left his lathe, went to the wash room where he attempted to stop the flow of blood and applied first aid bandages; that on the way to the wash room he told Wendell Sipe, assistant foreman of the defendant's plant, that he had hurt himself and was going home, to which the assistant foreman replied, "All right." The appellant further testified that he returned to his rooming house and was confined to his bed and to the house for several days; that he first saw a doctor about December 11. At that time the wound was large, swollen and badly infected. He was also suffering from diabetes and the doctor who treated him testified that he had had two similar infections before. The doctor was unable to state the cause of the infection, but testified that the appellant gave him a history of being hurt on a lathe on November 27, at about 6:30 p. m. and that he had worked until 8:30 p. m., December 3, 1937.

The assistant foreman, Wendell Sipe, testified that on the night of December 2, the appellant told him nothing of having sustained an injury and he saw no evidence of such and that the only statement made by Mr. Dugan was that he was sick and was going home.

The housekeeper at the rooming house testified that she remembered Mr. Dugan coming home about 9:00 on a particular evening and that he was very sick and had his head bandaged at the time.

The appellant contends that this evidence conclusively shows that an accident occurred on December 2, 1937, that it arose out of and in the course of the employment of the appellant and that the Industrial Board was without lawful authority to disregard the same.

The question which this court must decide is whether or not there was evidence which warranted the Industrial Board in finding against the appellant.

The rule has been frequently announced that in determining the sufficiency of the evidence to sustain the award, if there is any competent evidence in the record which supports the award, the award will not be reversed on account of the insufficiency of the evidence. *Hughes* v. *Fayette Realty & Development Company* (1934), 99 Ind. App. 310, 192 N. E. 322; *Jackson Hill Coal & Coke Co.* v. *Slover* (1936), 102 Ind. App. 145, 199 N. E. 417; *Sanders et al.* v. *Hulman St. Coal Co.* (1937), 103 Ind. App. 130, 5 N. E. (2nd) 664; *Meyers* v. *Oak Hill Coal Co.* (1937), 103 Ind. App. 158, 5 N. E. (2nd) 653.

This court, in the case of *Hughes* v. *Fayette Realty & Development Company, supra,* said (p. 312):

"Appellant had the burden of proving a compensable claim. In order to justify a reversal of the award on the ground of insufficiency of the evidence to support the award, the evidence had to be so conclusively in favor of appellant that it could not reasonably be construed to give rise to inferences favorable to appellee."

We have read the evidence offered in this case in its entirety. It is true that if the testimony of the appellant himself is taken as given, a case for compensation is made, but if the board saw fit to disbelieve his testimony on the question of injury, and preferred to believe other witnesses who testified with reference thereto, they had a right so to do and this court cannot disturb such finding. The testimony of the doctor and assistant foreman above referred to might have been sufficient to create a doubt in the minds of the Industrial Board members as to the cause of the appellant's condition.

The award of the Industrial Board is accordingly affirmed.