## MIERS v. STANDARD FORGINGS CORPORATION

[No. 17,510.   Filed November 1, 1946.]

*Straley Thorpe,* of Hammond, for appellant.

*Oscar C. Strom,* of Gary, for appellee.

FLANAGAN, P. J.—This is an appeal from an award of the Industrial Board granting appellant compensation for a 30 per cent partial impairment of the man as a whole. Appellant contends that the only competent evidence adduced shows a fifty per cent impairment.

The only medical evidence on the question is that of Dr. Joseph Carlo who testified that in his opinion appellant has a 50 per cent impairment. There was also evidence, admitted over appellant's objection, as to the work which appellant has performed since his injury. This latter evidence appellant contends was improperly admitted and cannot be considered in determining the extent of his impairment.

It is true that mere increase or decrease in earnings cannot determine the extent of a permanent partial im-

pairment. A man with a clearly determinable impairment may so use or develop his remaining faculties as to earn more than he did before his injury. But the purpose and effect of the evidence received in this case was not to show increase or decrease in earnings but to show the manner and extent to which appellant was able to use his body. Obviously the manner and extent to which a man can use his body is material in determining the amount of impairment to the man as a whole. We think the evidence was properly received and is sufficient to justify the Industrial Board in finding the impairment to be thirty per cent.

Appellee has assigned cross-errors and complains, (1) that the petition of appellant should have been based upon a change in conditions, and (2) that certain evidence was improperly admitted.

We find no merit in appellee's first contention. Appellant's action was clearly one for compensation for a permanent partial impairment and he properly filed it as such.

Appellee's second complaint is that the Board improperly permitted Dr. Carlo to testify that in his opinion appellant had suffered a 50 per cent impairment without first requiring him to state that there was an impairment. The record discloses, however, that the doctor had already recited in detail his finding as to appellant's physical condition. The evidence was properly admitted.

We find no reversible error in the record. Award affirmed.

Draper, J., not participating.

NOTE.—Reported in 69 N. E. (2d) 180.