CARNEGIE-ILLINOIS STEEL CORPORATION *v.* ANDINO

[No. 18,047. Filed October 17, 1950. Rehearing denied November 29, 1950. Transfer denied March 20, 1951.]

*White, Wright, Raub & Forrey,* of Indianapolis; *Knapp, Cushing, Hershberger & Stevenson,* and *Harlan L. Hackbert* (of counsel), both of Chicago, Illinois, for appellant.

*Wildermuth & London,* and *Thomas H. Clifford* (of counsel), both of Gary, for appellee.

WILTROUT, J.—The Full Industrial Board awarded compensation to appellee under the provisions of the Indiana Workmen's Occupational Diseases Act by reason of an occupational disease known as silicosis.

Among other things, the board found,

". . . that on the 16th day of February, 1948, and for more than fifteen years prior thereto the said plaintiff was in the employ of the defendant at an average weekly wage in excess of $36.50; that in the performance of his duties for the said defendant the said plaintiff was exposed to and did contract an occupational disease known as silicosis.

"It is further found that the approximate date of last exposure was the 16th day of February, 1948.

"It is further found that the approximate date of disablement was the 16th day of February, 1948.

"It is further found that approximately two months after the 16th day of February, 1948, the said plaintiff's disability on account of the said occupational disease terminated and he returned to work for another employer.

"It is further found that the said plaintiff has sustained a 30% permanent partial impairment to the man as a whole on account of his said occupational disease."

Appellee was awarded compensation for a period of 150 weeks, beginning the 16th day of February, 1948, for a 30% permanent partial impairment to the man as a whole on account of the said occupational disease.

Appellant concedes that appellee has silicosis and that he contracted it initially in its employment. It is not disputed in this appeal that he has sustained the permanent partial impairment by reason of the disease.

After the termination of appellee's disability he started to work for other employers, and was continuously employed up to the time of the compensation hearing. Appellee does not claim that he does not make as much money, if not more, than when he was employed by appellant.

Appellant first questions whether an employee is entitled to compensation for a permanent partial impairment where there does not exist contemporaneously therewith a disablement as defined by § 5 (d) of the Act, § 40-2205 (d), Burns' 1940 Replacement. This definition reads:

> "The term 'disablement' means the event of becoming disabled from earning full wages at the work in which the employee was engaged when last exposed to the hazards of the occupational disease by the employer from whom he claims compensation, or equal wages in other suitable employment and 'disability' means the state of being so incapacitated."

In other words, appellant contends that if the disease is only temporarily disabling, even though the employee suffers a permanent partial impairment of his body, compensation is to be paid only during such temporary disability.

The Indiana Workmen's Occupational Diseases Act was enacted in 1937, and follows in arrangement, and a number of its sections contain wording identical with, the Illinois Act of 1936. Smith-Hurd, Illinois Anno. St., Ch. 48, § 172.1 et seq. The remainder of its provisions are almost a repetition of the Indiana Workmen's Compensation Act of 1929, § 40-1201 et seq., Burns' 1940 Replacement, with the substitution of wording applicable to occupational diseases for that applicable to injuries. The resulting Act has been justly criticized as

containing ambiguities. Small, *Workmen's Compensation Law of Indiana,* 420, § 13.1.

It is now settled that the mere contraction of an occupational disease does not entitle an employee to compensation. Disablement must ensue. *Durham Mfg. Co.* v. *Hutchins* (1945), 115 Ind. App. 479, 59 N. E. 2d 444; *Hirst* v. *Chevrolet Muncie Division, etc.* (1941), 110 Ind. App. 22, 33 N. E. 2d 773, 37 N. E. 2d 3.

In this case the Industrial Board found that appellee suffered a period of temporary disablement, and there was evidence to support this finding. The compensation to which appellee is entitled must be determined by an examination of § 8 of the Act, § 40-2208, Burns' 1940 Replacement.

Sections 8 (a), (b) and (c) provide for compensation for disablements resulting in temporary disability for work, during such temporary disability. Appellant's position is that appellee's payments are limited thereby to the period of temporary disability; that a worker handicapped by occupational disease is not entitled to compensation during a period where, in spite of the handicap of a permanent partial impairment he is able to earn full wages in suitable employment. In the absence of a further provision appellee's payments would be so limited. But § 8 (d) provides:

"For disabilities from occupational disease in the following schedule, the employee shall receive *in lieu of all other compensation,* on account of such disabilities, a weekly compensation of fifty-five (55) per cent of his average weekly wages for the periods stated for such disabilities respectively, to wit:" (Our emphasis.)

Then follows a schedule which sets forth the number of weeks of compensation for various specific harms. (8) of this schedule reads:

"In all other cases of permanent partial impairment, compensation proportionate to the degree of such permanent partial impairment, in the discretion of the industrial board, not exceeding five hundred (500) weeks."

The Act does not provide that occupational diseases must become permanently disabling before compensation is granted for permanent partial impairment. Rather, where a disability has ensued and the disease has resulted in a permanent partial impairment, the compensation is to be measured, not by the period of temporary disability under § 8 (a), (b) and (c), but by the degree of impairment, in accordance with § 8 (d). It follows that the Industrial Board did not err in so measuring the amount of its award.

Appellant next asserts that if compensation is allowable, § 26 of the Act, § 40-2226, Burns' 1940 Replacement, bars recovery from it under the facts of this case. It claims that the appellee was last exposed to the hazards of the occupational disease while in the employ of another employer, rather than on the date as found by the board. It is true that appellee testified that as a bricklayer for his present employer he lays some silica brick but "not very much." The evidence as to his contact with silica dust, the conditions surrounding the same, and the extent thereof, is meager. We cannot say that the board must necessarily have concluded from the evidence in this case that appellee's occupation with his present employer has been such as to expose him to the hazard of an occupational disease.

A doctor who examined appellee testified as to statements made by appellee to him as to the use of silica ■ brick. "Physicians are permitted to testify as to statements made to them by one who makes them for the purpose of securing diagnosis and treatment; not to establish the truth of the statements made, but to show the basis of the doctor's opinion." *Durham Mfg. Co.* v. *Hutchins, supra.*

There was substantial evidence to sustain the finding of the board as to the date of last exposure, and we may not therefore disturb such finding. *Loucks* v. ■ *Diamond Chain & Mfg. Co.* (1941), 218 Ind. 244, 32 N. E. 2d 308; *Chev. Mun. Div. of Gen. Mot. Corp.* v. *Hirst* (1943), 113 Ind. App. 181, 46 N. E. 2d 281; *Square D Company* v. *O'Neal* (1946), 117 Ind. App. 92, 66 N. E. 2d 898.

The award is affirmed, with the statutory five per cent increase.

Draper, J., not participating.

NOTE.—Reported in 94 N. E. 2d 498.