KENWOOD ERECTION COMPANY *v.* COWSERT.

[No. 18,430. Filed November 23, 1953.]

*Oscar C. Strom* and *Charles K. Whitted,* of Gary, for appellant.

*Stiles & Bayor,* of Gary, for appellee.

ACHOR, P. J.—This is an appeal from an award by the Industrial Board, which granted the appellee compensation in the amount of 70% for permanent partial impairment to the man as a whole.

Doctors for appellant testified the permanent partial impairment of appellee to the man as a whole was 35%. Appellant contends that the award being in excess of that amount is not sustained by any competent evidence and is, therefore, contrary to law.

Admittedly, the finding and award to be sustained must rest upon the testimony of Drs. Leo K. Cooper and Paul C. F. Vietzke, witnesses for appellee, the testimony of appellee himself and the examination of appellee's injuries by the Board. Appellant contends first, that the testimony of appellee as to the percentage of his permanent impairment was not properly admitted for the reason that such fact was within the special and exclusive knowledge of expert medical authority and that appellee was not qualified to testify relative thereto.

Appellant contends further that the conclusions of Drs. Cooper and Vietzke regarding the percentage of appellee's disability or impairment was immaterial and incapable of supporting the award for the reason that it was based upon and related only to the "disability" of appellee to earn a living rather than to his "permanent partial impairment," upon which the award is based.

With respect to the qualification of appellee to testify regarding the percentage of his permanent impairment, we concur with appellant that appellee was not qualified to testify as to the permanency of his condition of impairment. This was a medical question upon which only expert testimony was competent. However, upon this point, all the expert testimony, both for the appellant and appellee, was in agreement that appellee's injuries had reached a permanent and quiescent state. Therefore, it does not appear that appellant was in anywise prejudiced by the admission of

unqualified lay testimony as to the permanency of appellee's impairment.

There remains the question as to whether or not appellee was qualified to testify as to the percentage of his impairment. Appellant cites the case of *Hurst* v. *Reeder* (1927), 86 Ind. App. 294, 157 N. E. 101, as authority for the proposition that questions requiring identification or expert knowledge can be answered only by those possessing the requisite skill and knowledge to give their answer probative value. The Hurst case, *supra,* correctly states the law. However, it is not controlling in the facts before us. *Impairment,* within the confines of the Workmen's Compensation Act, relates to the functional use of the body. This is a fact regarding which the injured party has personal knowledge and experience. He is, therefore, qualified to speak upon the subject within the scope of the knowledge existent in each individual case. Therefore, the Industrial Board was entitled to receive appellee's testimony and weigh the same with that of medical experts upon the subject. This rule is consistent with that applied previously in the case of *Indiana Limestone Co.* v. *Ridge* (1929), 89 Ind. App. 689, 690, 691, 167 N. E. 617. In that case this court stated:

> "It is argued by appellant that there is no evidence to sustain the award. Two reasons are advanced, the first being that the testimony of appellee as to the degree of impairment was but the opinion of a layman, and, therefore, cannot be considered. We do not so understand the law. Appellee was not testifying as an expert; he was not expressing, as an opinion, the degree of impairment; he stated as a fact, based upon his own experience, that the impairment of the foot was seventy-five per cent. The evidence was competent and material; its weight was for the Industrial Board."

We find no reason to disturb the rule announced in the *Indiana Limestone* case, *supra.*

We next consider appellant's contention that the Board committed reversible error by admitting into evidence, over the objection of appellant, the statement of conclusion by Dr. Vietzke, as follows: "In my opinion the man has suffered about 100% disability to the man as a whole." Admittedly, there is no provision in our statute for an award for "disability to the man as a whole."

Section 40-1303, Burns' 1952 Replacement, part (b) of paragraph (3), provides for recovery "For injuries resulting in total permanent *disability*, . . . "whereas, part (b) of paragraph (6) provides for recovery "In all other cases of permanent partial *impairment*, . . ." including the man as a whole. (Our italics.) Our courts have held that the award of the Industrial Board must come within the explicit terms of one, and only one, of the above sections of the act.

In the case of *Northern Ind. Power Co.* v. *Hawkins* (1925), 82 Ind. App. 552, 555, 557, 146 N. E. 879, this court stated: ". . . There is no provision authorizing compensation for permanent partial disability or incapacity 'to work and earn wages.' . . . there must be a finding that there is a *permanent partial impairment*, and not a finding that there is a *permanent partial disability to work and earn. wages* as was found in this case."

In the case of *Edwards Iron Works* v. *Thompson* (1923), 80 Ind. App. 577, 582, 141 N. E. 530, this court said: ". . . The word 'disability' is not used where the condition resulting from the injury for which compensation is sought is temporary, and the word 'impairment' is used where the resulting condition is permanent. This use of the two words is significant.

'Disability,' as used, means inability to work, while the meaning of the word impairment as used is the loss of a function. . . ."

In the light of the above authorities, we concur with the appellant that the doctor's statement of "100% disability to the man as a whole," standing alone would have been too ambiguous for application by the Board to either of the specific statutory grounds for recovery. However, on objection to the admission of the statement, the hearing member stated: "It is quite apparent that the doctor meant impairment instead of disability." We are, therefore, required to examine the complete statement of Dr. Vietzke to determine whether the Board improperly construed the above statement.

As heretofore stated, the terms "disability" and "impairment" have been given precise and distinct legal connotations within the Workmen's Compensation Act, which are restricted beyond that which is common to their general usage. An examination of the complete statement made by Dr. Vietzke reveals that it described in detail the limitations to the functional use of appellee's body, wholly unrelated to his disability to work and earn wages. On the basis of the record, we can not say that the doctor did not use the word "disability" in its more common and generic usage with the intention that it relate only to the functional loss of appellee's body, described by the act as "impairment."

The only remaining question is whether or not, as contended by appellant, the Industrial Board erroneously considered the statement by Dr. Cooper that appellee had suffered "100% impairment," and grounded its award thereon.

On cross-examination, it was established that the doctor's opinion was based not upon a loss of the func-

tional use of appellee's body, but on the inability of appellee "to do anything with his hands, his chief source of livelihood," his "ability (to) make a living, go back to the type of work he knows something about."

It is therefore apparent that although Dr. Cooper stated that, in his opinion, appellee was "100% impaired," his statement must be considered as supporting only a conclusion of 100% "disability," within the technical terminology of the Workmen's Compensation Act. Appellant urges that the doctor's opinion, as expressed, was improperly before the Board for consideration and that it constituted reversible error for the reason that it provided an improper basis upon which the Board grounded its award.

However, our courts have held on numerous occasions that evidence of disability may be properly admitted as tending to prove or disprove impairment of body function. *Miers* v. *Standard Forgings* (1946), 117 Ind. App. 89, 69 N. E. 2d 180, Small's Workmen's Compensation Law, §9.5, p. 246. We therefore conclude that the statement by Dr. Cooper that appellee had suffered "100% impairment," although based upon his *disability* to work and earn wages, was proper for consideration by the Industrial Board as constituting some evidence of impairment. We cannot say, from an examination of the record as a whole, that the Board considered the conclusion of Dr. Cooper, regarding the percentage of appellee's disability, as more than evidence tending to establish the fact of impairment of body function. It was entitled to this consideration.

In addition to the opinions expressed by appellee and the doctors regarding the percentage of "disability"

or "impairment" of appellee, the Board had before it the evidence of the doctors and the appellee in detail regarding the impairment of the injured parts of appellee's body. Also, it observed the physical condition of appellee as he appeared before the Board. It considered these facts in the light of common experience and concluded that appellee had suffered "70% permanent partial impairment as a whole man."

This court has frequently announced the rule that,

". . . In order to justify a reversal of the award on the ground of insufficiency of the evidence to support the award, the evidence had to be so conclusively in favor of appellant that it could not reasonably be construed to give rise to inferences favorable to appellee."

*Hughes* v. *Fayette Realty & Development Co.* (1934), 99 Ind. App. 310, 312, 192 N. E. 322.

Under the rule above announced, we conclude that the evidence before the Board and the inferences reasonably drawn therefrom are sufficient to support the award of 70% impairment to the man as a whole.

Award affirmed, with statutory penalty of five per cent.

NOTE.—Reported in 115 N. E. 2d 507.