HEDRICK *v.* SIMS MOTOR TRANSPORT LINES.

[No. 20,083. Filed November 5, 1964. Rehearing denied December 9, 1964. Transfer denied December 8, 1965.]

*William H. Andrews* and *Evens, Baker & Barnhart,* of Bloomington, for appellant.

*J. Grant Moore* and *Snyder, Bunger, Cotner & Harrell,* of Bloomington, for appellee.

PFAFF, J.—This is an appeal from an award of the Full Industrial Board denying appellant compensation under the provisions of the Indiana Workmen's Compensation Act. It is appellant's contention that he was injured while in the course of his employment as an employee of appellee company.

The Board found that at the time the appellant was injured he was an independent contractor and that the accident in question did not arise out of and in the course of any contract of employment with the appellee.

The assignment of error is that the award of the Board is contrary to law.

The question which we are called upon to determine is whether, under the circumstances shown by the record in this case, there was evidence to establish that appellant was an independent contractor or whether the evidence leads inescapably to the conclusion that he was an employee of Sims Motor Transport Lines at the time of the accident in question.

The evidence in this case discloses that on March 1, 1957, the date of the accident which is the subject of the claim herein, the appellant was the owner of five tractors and five trailers which he leased to appellee. Under the terms of the lease, the appellant furnished tractors and trailers as needed which met Interstate Commerce Commission and Public Service Commission of Indiana rules and regulations, and for which appellee paid appellant seventy-five per cent of the gross freight charge as rent. As a lessor of appellee and in consideration of the seventy-five per cent of the gross freight, the terms of the lease obligated appellant to maintain and

service the leased vehicles and to pay all expenses of operation of the trucks. Maintenance and service work on the vehicles was done in a garage owned by appellant on appellant's premises, and was performed by employees of appellant using tools and equipment belonging to appellant.

The record also discloses that in addition to being a lessor of the appellee at the time of the accident, appellant was paid five per cent of the gross freight charges for spotting and loading trucks in several stone mills. This spotting and loading included chaining the load down and checking for overloading, and delivering the tractors and loaded trailers to the drivers. In performing the spotting and loading and related duties, appellant handled appellee's tractors and trailers as well as the tractors and trailers which he had leased to appellee. Such spotting and loading was not required by the terms of the lease, nor were the payments of five per cent of the gross freight provided for by the terms of the lease. The five per cent payments were made to appellant by appellee monthly and appellee did not withhold any social security contributions or federal income taxes at any time.

On the day of the accident in question appellant had completed spotting and loading a tractor and trailer and had delivered them, just after noon, to the driver who was to make the long distance haul. He was to return immediately to the mill with another tractor and trailer which were to be loaded before 3 o'clock P.M. that day. After turning the tractor and loaded trailer over to the driver, appellant returned to his garage to pick up a tractor which was already gassed and serviced. When he reached the tractor he smelled gasoline. As he reached for a fire extinguisher an explosion occurred, blowing gasoline over appellant and causing him extensive burns over a large part of his body. He was hospitalized for a total period of approximately two and one-half months and was unable to work for approximately eighteen months.

Appellant readily concedes the existence of an independent contractor-contractee relationship between appellant and ap-

pellee insofar as the lease is concerned. However, it is his contention that in addition to, and distinct from the lessor-lessee relationship, appellant was an employee of appellee hired for the purpose of spotting and loading stone trucks, and that said accident arose out of and in the course of a contract of employment between appellant and appellee.

By this appeal, the appellant seeks to have this court weigh the evidence and controvert that which was determined below. This we cannot do. The Appellate tribunal will substitute its judgment for that of the Industrial Board only where there is no evidence in support of the award or where the evidence is of such a conclusive character as to force a contrary conclusion. The evidence must be so conclusively in favor of the appellant that it could not reasonably be construed to give rise to inferences favorable to the appellee. *Hughes* v. *Fayette Realty & Development Co.* (1934), 99 Ind. App. 310, 192 N. E. 322; *Wright* v. *Peabody Coal Co.* (1948), 225 Ind. 679, 77 N. E. 2d 116. Further, this court in *Greenwell, etc., et al.* v. *Lincoln Bakery* (1954), 124 Ind. App. 462, 465, 119 N. E. 2d 29, stated as follows:

"In view of the vast and consistent array of authority on the point, it may now be said to be axiomatic that we are powerless to disturb such finding unless the evidence be of a character to force a contrary conclusion, and that to arrive at such opposite conclusion, we may not weigh the evidence. The rule is salutary even though, in stated cases, it may appear to foreclose the dispensation of adequate justice under circumstances indicating a condition warranting its modification."

The evidence in the record before us is not of such conclusive character as to require us to condemn the finding complained of.

Award affirmed.

Hunter, C. J., Kelley and Mote, JJ., concur.

NOTE.—Reported in 201 N. E. 2d 834.