MOGUL RUBBER CO. *v.* SPICHER.

[No. 767A25. Filed March 20, 1968. Rehearing denied May 13, 1968. Transfer denied June 25, 1968.]

*Stewart, Irwin, Gilliom, Fuller and Meyer*, and *Richard W. Guthrie*, of Indianapolis, for appellant.

*Pepple, Yoder and Ainlay*, and *John D. Ulmer*, of Goshen, for appellee.

FAULCONER, J.—Appellant, Mogul Rubber Company, brings this appeal to review an award of the full Industrial Board of Indiana which granted compensation for disability, permanent impairment and medical expenses to the appellee, Nelson Spicher, an employee of appellant. The application for compensation to the Board alleged that the appellee contracted an occupational disease during the period he was employed by the appellant. The Board's findings concluded that appellee was exposed to and subsequently contracted an occupational disease known as anthrasilicosis during his employment; that as result of this disease appellee was temporarily totally disabled; and that the disease reached a permanent state resulting in a 25% permanent partial impairment to the appellee as a whole.

Appellant first argues that the award of the Board is not supported by any evidence and is thus contrary to law. We must of course look to the evidence most favorable to the appellee in order to determine whether there was sufficient evidence to support the findings and award of the board.

The record in this cause discloses that the appellee had worked in various capacities during his employment with appellant. The last job that appellee was engaged in before leaving because of his illness, consisted of working in the press room where rubber is cured. In the curing process, a type of fine white powder (talc dust) called soapstone is used as a lubricant to keep the rubber from sticking. Appellee

testified that he worked with this powder and it made the area dusty and accumlated on the floor. During the period that appellee was working in the press room, he began feeling weak and very tired. He also had difficulty in breathing properly. Thereafter a chest x-ray was taken and a lung biopsy was performed. The diagnosis by the expert witnesses produced by the appellee was that appellee had anthrasilicosis which is a disease of the lungs usually caused by an exposure to talc dust, the kind of material with which the appellee was working. The appellant produced no witnesses nor evidence of any kind to contradict this diagnosis.

> "In order to justify a reversal of the award on the ground of insufficiency of the evidence to support the award, the evidence has to be so conclusively in favor of appellant that it could not reasonably be construed to give rise to inferences favorable to appellee." *Hughes* v. *Fayette Realty & Development Co.* (1934), 99 Ind. App. 310, 312, 192 N. E. 322.

Furthermore, "if there is any competent evidence in the record which supports the award, the award will not be reversed on account of the insufficiency of the evidence." *Dugan* v. *Sheller Mfg. Co.* (1938), 106 Ind. App. 13, 15, 17 N. E. 2d 471.

We have reviewed the evidence in this case, the majority of which has been set forth previously, and are of the opinion that there is sufficient evidence of probative value from which the Board could have found or reasonably inferred that appellee was exposed to and contracted anthrasilicosis during the course of his employment with the appellant. As one authority in this area has stated, "The mere showing of silicosis . . . coupled with a showing that the employment supplied necessary exposure, was sufficient to permit compensation without much question." Small, Workman's Compensation Law, § 13.3, p. 107 (Supp. 1958).

Appellant further argues that appellee was not disabled within the meaning of the Indiana Occupational Diseases Act

in that the evidence discloses that appellee "was not disabled at the time of the hearing" and that appellee "admitted in his own testimony that he was working at the time of the hearing and performing the same duties in the press room that he had previously performed."

Although we seriously doubt whether appellant's argument, in this regard, complies with the rules of the Supreme and Appellate Court, the fact that appellee was working at the time of the hearing will not necessarily bar recovery.

The evidence discloses that appellee left work on July 29, 1963, returned to work on November 4, 1963, worked through March 10, 1964, and then did not return to work until September 1, 1964. At the time he left on July 29, 1963, he was having trouble breathing and was becoming weaker. After returning in November, 1963, he did maintenance work and again left in March, 1964, since he couldn't handle the job because of the same symptoms.

"The Act does not provide that occupational diseases must become permanently disabling before compensation is granted for permanent partial impairment. Rather, where a disability has ensued and the disease has resulted in a permanent partial impairment, the compensation is to be measured, not by the period of temporary disability under § 8 (a), (b) and (c), but by the degree of impairment, in accordance with § 8 (d). It follows that the Industrial Board did not err in so measuring the amount of its award. *Carnegie-Ill. Steel Corp.* v. *Andino* (1951), 121 Ind. App. 37, 42, 94 N. E. 2d 498 (transfer denied).

We are of the opinion that the award of the full Industrial Board is supported by sufficient evidence of probative value, is not contrary to law and, therefore, should be affirmed.

Award affirmed.

Carson, C. J., Cooper and Prime, JJ., concur.

NOTE.—Reported in 234 N. E. 2d 862.