George WHITE, Appellant,

v.

WOOLERY STONE COMPANY, INC., Appellee.

No. 2–1278–A–436.

Court of Appeals of Indiana, Second District.

Aug. 1, 1979.

K. Edwin Applegate, Applegate & Pratt, Bloomington, for appellant.

Richard W. Guthrie, Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, for appellee.

LYBROOK, Judge.

## MEMORANDUM DECISION

George White injured his knee while working for the Woolery Stone Company. Due to the injury, White underwent surgery to remove the cartilage from his left knee. This operation resulted in many complications and a lengthy convalescent period; in fact, White never fully recovered from the operation or the complications that arose therefrom.

White brought a claim before a single member of the Industrial Board of Indiana. The single member found White to suffer a 50% permanent partial impairment to his left lower extremity, and ordered Woolery Stone Co. to pay White $60 per week for 112½ weeks. White appealed this decision to the Full Industrial Board, alleging that the single member award was contrary to law and was not sustained by sufficient evidence. White sought a declaration that his impairment resulted in permanent total disability. The Full Industrial Board disagreed, however, and affirmed the single member award.

As a result of the decision of the Full Industrial Board, White filed a timely praecipe and properly included his assignment of errors in the record of proceedings presented to this court. This appeal results.

In his assignment of errors, White argues that the decision of the Full Industrial

Board is contrary to law and unsupported by the evidence.

We affirm the decision of the Full Industrial Board.

■ Disability and impairment are words of art, as used in the Workmen's Compensation Act. Ind. Code 22–3–3. "Disability" means and refers to an inability to work, whereas "impairment" means and refers to a loss of physical function. *See Perez v. United States Steel Corp.*, (1977) Ind.App., 359 N.E.2d 925, 927; *Kenwood Erec. Co. v. Cowsert*, (1953), 124 Ind.App. 165, 115 N.E.2d 507. A further distinction is necessary to properly consider White's claim. This distinction concerns the understanding of three terms necessary to the disposition of the case at bar: temporary total disability, permanent total disability, and permanent partial impairment.

■ Temporary total disability payments are intended to compensate an employee for the treatment period following a work-related injury, and during this treatment period it is relevant whether the injured workman has the ability to return to work of the same kind or character. *Covarubias v. Decatur Casting; Division of Hamilton Allied Corp.*, (1976) Ind.App., 358 N.E.2d 174. If he does not have the ability to return to work of the same kind or character during the treatment period, he is temporarily totally disabled. *Covarubias, supra.* This is to be compared with permanent total disability and permanent partial impairment which are determined, alternatively, when the work-related injury reaches a permanent and quiescent state, the treatment period ends, and the permanent injury can be assessed for compensation purposes. *Covarubias, supra; Perez, supra.*

Dean Small, in Small, *Workmen's Compensation Law of Indiana*, § 9.4, p. 244 states:

"A total disability to be permanent must be one which so destroys or shatters a workman's wage earning capacities as to leave him unable to resume reasonable types of employment for the remainder of his life. Since this form of disability is treated in the same section with other harms comprising threats to wage-earning power such as impairments and lost uses, total permanent disability must be taken to require a greater incapacity than that produced by any other of the scheduled harms. However, *it is not necessary to a showing of total permanent disability that the workman prove an utter inability to do anything with the remains of his body.* The believe-it-or-nots demonstrate that even the most hopeless human wrecks have on occasion developed obscure means for obtaining livelihood. *It is sufficient if the workman can show that he has been so incapacitated by his injuries that he cannot carry on reasonable types of employments.* The reasonableness of the workman's opportunities will be measured by his physical and mental fitness for them and by their availability." (Emphasis added.)

If the work-related accident does not result in permanent total disability, an award for permanent partial impairment then compensates for the loss to the permanently impaired party.

■ In the cause of action before us, the Full Industrial Board found White to have suffered permanent partial impairment, not permanent total disability. On appeal, this court may not weigh the evidence and, where there is a conflict in the evidence, it can consider only the evidence which tends to support the Board's award. *Allen v. United Telephone Company, Inc.* (1976) Ind. App., 345 N.E.2d 261; *Bohn Aluminum & Brass Co., Plant # 9 v. Kinney*, (1974) 161 Ind.App. 128, 314 N.E.2d 780.

■ The Board's finding that White's injuries resulted in a 50% permanent partial impairment to the lower left extremity is supported by the depositions of Dr. Rajih Haddawi and Dr. James Booze. Both doctors examined White on various occasions, and, between them, estimated that White had an impairment of between 30% and 50%. Furthermore, Dr. Booze and one Dr. Blackwell, although both felt White would never return to his old job or any laborman's job, felt that it was important for

him to remain active, to exercise as much as possible, and to perform some work to prevent any further degeneration of his left knee. Dr. Booze outlined parameters which White should follow in seeking employment, but they were not so confining as to preclude White from "reasonable" employment. Booze did not feel that White was permanently totally disabled, and stated that he could, and should, perform some gainful employment.

Although there is also evidence to support White's claim that he is permanently totally disabled, we cannot weigh evidence and must only consider evidence tending to support the Board's decision. *Allen, supra; Bohn Aluminum, supra.* We must, therefore, affirm the Board's decision.

Affirmed.

LOWDERMILK, P. J., and ROBERTSON, J., concur.