**STUMP HOME SPECIALTIES MANUFACTURING, Appellant–Defendant,**

v.

**Durwin MILLER, Appellee–Plaintiff.**

No. 93A02–0509–EX–906.

Court of Appeals of Indiana.

Feb. 27, 2006.

Robert D. Woods, Hunt Suedhoff Kalamaros, South Bend, for Appellant.

Steven T. Parkman, Law Office of Steven T. Parkman, South Bend, for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Stump Home Specialties Manufacturing ("Stump") appeals from the Worker's Compensation Board's ("the Board") grant of Durwin Miller's Application for Change of Condition. Stump presents a single dispositive issue for our review, namely, whether the Board abused its discretion when it found that Miller's Application was timely filed under Indiana Code Section 22–3–3–27(c).

We affirm.

### FACTS AND PROCEDURAL HISTORY

On May 23, 2001, Miller fractured a bone in his right foot while he was in the course of his employment for Stump. Miller underwent medical treatment and was unable to work. Accordingly, Stump paid Miller worker's compensation benefits, including temporary total disability ("TTD") benefits, until April 9, 2003. On April 16, 2003, Dr. Scott Karr issued his written opinion stating that Miller had sustained a permanent partial impairment ("PPI") rating of 8% of the whole person and 23% of the right foot.

On April 18, 2003, Miller and Stump executed an Agreement to Compensation of Employee and Employer ("the agreement"), which the Board approved on April 25, 2003. The agreement provides in relevant part that the date of Miller's injury was May 23, 2001; the date of disability began May 24, 2001; and in a box entitled, "If PPI settlement, please provide impairment rating, number of weeks and amount to be paid" it stated "23% PPI of foot × 35° = 8.05 × 1,100 a degree = $8,855.00." Appellant's App. at 14. Miller received the settlement amount in a lump sum payment.

On June 21, 2004, Miller filed an Application for Adjustment of Claim alleging a change of condition and requesting a hearing to consider an increase in his PPI rating. Specifically, Miller alleged:

We are respectfully requesting a hearing. Petitioner suffered a serious injury to his foot. The pain has been unrelenting and has worsened. Medical management is not able to adequately address the pain and accordingly plaintiff

is disabled. Plaintiff is seeking permanent total disability and/or medical care—reopening of medical to include and not necessarily be limited to amputation of his right foot which would require prosthesis and increase in PPI rating. *Id.* at 12. On July 19, 2004, Stump filed a motion to dismiss Miller's application. A Single Hearing Member of the Board found that Miller's application was not timely filed and dismissed it.

Miller petitioned to have the full Board review the Single Hearing Member's decision. Following a hearing, the full Board found and concluded as follows:

### FINDINGS

The Full Worker's Compensation Board of Indiana now finds:

1. That Plaintiff was injured on May 23, 2001.
2. That Plaintiff was paid Temporary Total Disability to April 9, 2003.
3. That Plaintiff was given a 23% Permanent Partial Impairment rating on April 10, 2003. The parties entered into an Agreement to Compensation pertaining to this Permanent Partial Impairment rating, which was subsequently approved by the Board on April 25, 2003.
4. *That the parties failed to agree to the period for which compensation would be paid by virtue of the fact that no date was included in the Agreement as to when it would be payable.*
5. Therefore the Board has an obligation to determine the period of time for which compensation is paid pursuant to that Agreement.
6. *The Board hereby finds that the period of time for which compensation is deemed paid commenced on the date of Maximum Medical Improvement in [the] absence of a date set by agreement of the parties. The extent of the Permanent Partial Impairment could not be ascertained until the condition became permanent and quiescent, which is the date of Maximum Medical Improvement.*
7. The date of Maximum Medical Improvement was April 9, 2003. At this time the Permanent Partial Impairment could be determined and therefore the period for which the Award was paid commenced on April 9, 2003 for a period of 35 weeks, based on the employee's Average Weekly Wage, until December 10, 2003.
8. That Plaintiff subsequently alleged a change in condition which warranted a greater PPI.
9. That Plaintiff filed his Change of Condition on June 21, 2004.

### CONCLUSIONS OF LAW

1. The Plaintiff's application filed June 21, 2004 was timely pursuant to *Indiana Code 22–3–3–27(c)* because it was filed within one year from the last day for which compensation was paid.
2. When an award is silent regarding the dates for which Permanent Partial Impairment ("PPI") is paid the PPI should be considered paid from the date of maximum medical improvement because the PPI cannot be determined until the date of maximum medical improvement.

### ORDER

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Full Worker's Compensation Board of Indiana that the Single Hearing Member's decision is hereby reversed and remanded for findings on the Plaintiff's Application for a Change of Condition.

*Id.* at 3–5 (emphases added). This appeal ensued.

## DISCUSSION AND DECISION

■ When reviewing the decisions of the Board, we are bound by the factual determinations of the Board and may not disturb them unless the evidence is undisputed and leads inescapably to a contrary conclusion. *Eads v. Perry Twp. Fire Dep't,* 817 N.E.2d 263, 265 (Ind.Ct.App. 2004), *trans. denied.* Additionally, all unfavorable evidence must be disregarded in favor of an examination of only that evidence and the reasonable inferences therefrom which support the Board's findings. *Id.* Moreover, we neither reweigh the evidence nor judge the witness's credibility. *Id.* We review questions of law de novo. *Prentoski v. Five Star Painting, Inc.,* 827 N.E.2d 98, 101 (Ind.Ct.App.2005), *aff'd in part, adopted in part* 837 N.E.2d 972 (Ind. 2005).

Stump contends that the Full Board erred when it found that Miller's application for change of condition was timely filed. In particular, Stump maintains that the application was untimely pursuant to Indiana Code Section 22–3–3–27, which provides in relevant part:

(a) The power and jurisdiction of the worker's compensation board over each case shall be continuing and from time to time it may, upon its own motion or upon the application of either party, on account of a change in conditions, make such modification or change in the award ending, lessening, continuing, or extending the payments previously awarded, either by agreement or upon hearing, as it may deem just....

\* \* \*

(c) The board shall not make any such modification upon its own motion nor shall any application therefor be filed by either party after the expiration of two (2) years from the last day for which compensation was paid under the original award made either by agreement or upon hearing, except that *applications for increased permanent partial impairment are barred unless filed within one (1) year from the last day for which compensation was paid....*

(Emphasis added). Stump asserts that "the last day for which compensation was paid" to Miller was April 25, 2003, the date of the PPI lump sum payment, and that Miller's application for change of condition, which was filed more than one year later, was untimely.

Indiana Code Section 22–3–4–5 provides in relevant part:

(a) If the employer and the injured employee or the injured employee's dependants disagree in regard to the compensation payable under IC 22–3–2 through IC 22–3–6 or, *if they have reached such an agreement,* which has been signed by them, filed with and approved by the worker's compensation board, and afterward *disagree* as to the continuance of payments under such agreement, or *as to the period for which payments shall be made,* or to the amount to be paid, *because of a change in conditions since the making of such agreement, either party may then make an application to the board for the determination of the matters in dispute.*

\* \* \*

(c) *All disputes arising under IC 22–3–2 through IC 22–3–6, if not settled by the agreement of the parties interested therein, with the approval of the board, shall be determined by the board.*

(Emphases added).

■ In *Prentoski v. Five Star Painting, Inc.,* 837 N.E.2d 972, 973 (Ind.2005), our supreme court clarified that the statute of limitations in Indiana Code Section 22–3–

3–27(c) begins to run on the last date "for which" compensation was paid rather than the last date "on which" compensation was paid. Here, the parties' agreement is silent regarding "the period for which payments shall be made." Stump contends that because the agreement shows the "date of disability" as May 24, 2001, that "*implies* a starting date for the payment of permanent partial impairment[.]" Brief of Appellant at 8 (emphasis added). Further, Stump asserts that "[p]ermanent partial impairment awards historically commence on the date of accident. Those cases which hold otherwise create confusion." *Id.* at 10. Finally, Stump maintains that "the starting date for the original permanent partial impairment award has been considered the date of accident unless the parties specify otherwise." *Id.* at 11. But, while the date of accident is the starting date for PPI awards in some cases, there is no statute or opinion of an Indiana court providing that the date of accident is *always* the starting date, as a matter of law.

Indeed, we are not aware of any opinion issued by an Indiana court addressing the starting date for benefits where the Board has determined the period for which compensation was paid in the absence of an agreement by the parties. *See, e.g., Prentoski,* 827 N.E.2d at 102 (holding PPI benefits started on date of accident absent agreement by parties or finding by Board). Again, here, the Full Board found that the parties did not "agree to the period for which compensation would be paid by virtue of the fact that no date was included in the Agreement as to when it would payable." Appellant's App. at 4. The evidence supports that finding.

██ And the Board exercised its authority under Indiana Code Section 22–3–

4–5(c) in finding that "the period for which the [PPI] Award was paid commenced on April 9, 2003 [the date of Maximum Medical Improvement] for a period of 35 weeks, based on the employee's Average Weekly Wage, until December 10, 2003." *Id.* Indeed, the Board's finding is consistent with this court's explanation of the nature of PPI benefits in *East Asiatic/Plumrose v. Ritchie,* 655 N.E.2d 87 (Ind.Ct.App.1995), *trans. denied.* In that opinion, we observed that permanent partial impairment is determined " 'when the work-related injury reaches a permanent and quiescent state, the treatment period ends, and the permanent injury can be assessed for compensation purposes.' " *Id.* at 89 (quoting *White v. Woolery Stone Co.,* 181 Ind.App. 532, 396 N.E.2d 137, 139 (1979)). Because no PPI rating can be assessed before the date of Maximum Medical Improvement, the Board's determination in this case is logical.[1] We hold that the evidence supports the Board's finding and it is not contrary to law. As such, Miller's application, which was filed on June 21, 2004, or within one year of the last date "for which" compensation was paid (December 10, 2003), was timely filed. *See Prentoski,* 837 N.E.2d at 973.

Of course, the date of Maximum Medical Improvement will not necessarily be the starting date for PPI benefits in every case, since the parties can agree or the Board might find otherwise depending on the circumstances. But where, as here, the Board makes such a determination and it is supported by the evidence, we will not reverse that decision. Stump has not cited to any Indiana precedent showing that the Board was without authority to decide this issue or that its determination is an error of law. We affirm the Board's decision on

---

1. The undisputed evidence shows that the date of Miller's Maximum Medical Improvement was April 9, 2003. And Stump concedes that "the extent of impairment could not be determined" until that date. Brief of Appellant at 10.

Miller's Application for Change of Condition.

Affirmed.

BAKER, J., and BAILEY, J., concur.