David Earl GREGG, Jr.,
Appellant-Plaintiff,

v.

SUN OIL CO., Appellee-Defendant.

No. 2–778A231.

Court of Appeals of Indiana,
Third District.

April 26, 1979.

Michael V. Gooch, Harrison, Moberly &
Gaston, Indianapolis, Edward A. Olczak,
South Bend, for appellant-plaintiff.

John E. Doran, Doran, Manion, Boynton,
Kamm & Esmont, South Bend, for appellee-
defendant.

STATON, Judge.

On December 27, 1972, David Earl Gregg, Jr. sustained a herniated intervertebral disc during the course of his duties as an employee of Sun Oil Company. Workmen's compensation benefits for the injury were awarded to Gregg by the Industrial Board on August 2, 1973. Medical complications which developed subsequent to that award prompted Gregg to file an application to review and adjust the award to compensate him for the resulting permanent partial impairment of his physical capacities, as well as related and continuing medical expenses. The Full Industrial Board found that Gregg had incurred a ninety percent permanent partial impairment, that Gregg's condition would require medical services and supplies on a continuing basis, and that he was entitled to 450 weeks of compensation for that impairment. The Board also made the following "findings of fact," which it incorporated into its award:

> "It is further found that defendant's liability to pay for medical expenses and supplies shall terminate on August 12, 1983, and that defendant shall not be responsible for any payments beyond said date.
>
> "It is further found that the Industrial Board is without jurisdiction to order continuing medical beyond the period provided for in Section 45 of the Act."

Gregg takes issue with these "findings of fact," more appropriately characterized as conclusions of law. He frames the single issue presented for review in the following manner:

> Whether the Industrial Board has jurisdiction to award medical expenses incurred beyond the period established by IC 1971, 22–3–3–27, Ind.Ann.Stat. § 40–1410 (Burns Code Ed.)?

We affirm the award of 450 weeks of workmen's compensation payments. We conclude, however, that the Industrial Board's findings in regard to 1) Sun Oil's liability for Gregg's medical expenses beyond 1983, and 2) its own jurisdictional powers to award continuing medical expenses, are mere unenforceable surplusage.

In his brief, Gregg attacks the Board's conclusion that "Section 45 of the [Workmen's Compensation] Act", more appropriately cited as IC 1971, 22–3–3–27, Ind.Ann. Stat. § 40–1410 (Burns Code Ed.), limits the length of time for which the Industrial Board may award continuing medical expenses incurred by an employee subsequent to a work-related injury. It is Gregg's contention that the time frame delineated in IC 1971, 22–3–3–27, *supra*, merely establishes the period in which applications for the award of medical expenses must be filed. He contends that so long as the application is timely filed, the Industrial Board is vested with jurisdiction to award medical expenses for any period of time necessary to limit or reduce the extent of an employee's permanent partial impairment.

■ Liability for medical expenses which are incurred by employees as a result of work-related injuries is governed by IC 1971, 22–3–3–4 (Burns Code Ed., Supp. 1978). Prior to the adjudication of an employee's claim for workmen's compensation benefits on the basis of permanent impairment, it is incumbent upon the employer to furnish the injured employee with a physician and to assume all medical expenses necessary to the treatment of the injury.[1] The legislature, cognizant of the fact that a permanent impairment oftentimes requires continuing medical treatment, also provided that medical expenses incurred by the employee subsequent to the original award could be imposed on the employer. The relevant portions of that provision read:

> "If after an employee's injury has been adjudicated by agreement or award on the basis of permanent partial impair-

---

1. IC 1971, 22–3–3–4, *supra*, reads in relevant part:

"After an injury and prior to an adjudication of permanent impairment, the employer shall furnish or cause to be furnished, free of charge to the employee, an attending physician for the treatment of his injuries, and in addition thereto such surgical, hospital and nursing services and supplies as the attending physician or the industrial board may deem necessary. . . . "

ment and *within the statutory period for review in such case as provided in IC 1971, 22–3–3–27,* the employer may continue to furnish a physician or surgeon and other medical services and supplies and the industrial board may within such statutory period for review as provided in IC 1971, 22–3–3–27, on a proper application of either party, require that treatment by such physician and other medical services and supplies be furnished by and on behalf of the employer as the industrial board may deem necessary to limit or reduce the amount and extent of such impairment. . . . " (Emphasis added).

IC 1971, 22–3–3–4, *supra.* Jurisdiction is thus conferred upon the Industrial Board to adjudicate applications for the award of medical expenses incurred subsequent to an award of workmen's compensation benefits, so long as the application is filed within the statutory period of review provided in IC 1971, 22–3–3–27, *supra,* which IC 1971, 22–3–3–4, *supra* incorporates by reference.

 For purposes of clarity, we carefully note that two separate statutory periods of review are established by IC 1971, 22–3–3–27, *supra* : [2]

"The board shall not make any such modification upon its own motion, nor shall any application therefor be filed by either party after the expiration of two [2] years from the last day for which compensation was paid under the original award made either by agreement or upon hearing, except that applications for increased permanent partial impairment are barred unless filed within one [1] year from the last day for which compensation was paid. The board may at any time correct any clerical error in any finding or award." [Citations omitted.]

Applications for the modification of an award of medical expenses must be filed within the latter one year statute of limitations, for that is the period of review incorporated by reference into the provisions of IC 1971, 22–3–3–4, *supra.* The language which constitutes the incorporation by reference expressly refers to the statutory period applicable to increased permanent partial impairment cases.[3]

An examination of the two statutory periods of review delineated in IC 1971, 22–3–3–27, *supra,* reveals a distinction beyond the one year difference in limitation periods. The two year period dates from the "last day for which compensation was paid under the *original award* " (emphasis added), while the one year period applicable to increased permanent partial impairment and medical expense claims does not contain this "original award" qualification. *Id.* Consequently, no limitation is placed on the number of modifications which can be sought on the basis of an increase in permanent partial impairment or a continuation of medical expenses. *Luker v. Starcraft Co.* (1976), Ind.App., 358 N.E.2d 231, 233, fn. 9; *Bagwell v. Chrysler Corporation* (1976), Ind.App., 341 N.E.2d 799, 803. So long as the application is filed within one year from the last day on which compensation was paid, whether under the original award or a previous modification, the Industrial Board has jurisdiction to adjudicate the applicant's claim.[4]

Here, the Industrial Board found that it was without jurisdiction to award continuing medical expenses to Gregg beyond the "period provided for in Section 45 [IC 1971, 22–3–3–27, *supra* ] of the Act." Although this language is susceptible to different in-

---

2. IC 1971, 22–3–3–27, *supra,* controls the power and jurisdiction of the Industrial Board to modify or change an award.

3. "If after an employee's injury has been adjudicated by agreement or award *on the basis of permanent partial impairment and within the statutory period for review in such case* as provided in I.C.1971, 22–3–3–27 . . . the industrial board *may within such statutory period of review as provided in I.C.1971,*

22–3–3–27, on a proper application of either party, require that . . . ." (Emphasis added.)

IC 1971, 22–3–3–4, *supra.*

4. The jurisdiction of the Industrial Board to *act* on Gregg's application for modification of the original award is not in dispute here. Gregg's application was filed prior to the last day for which compensation was to be paid.

terpretations, we emphasize that it has no effect upon Gregg's statutory right to seek an extension of the award of continuing medical expenses. If Gregg's application for such modification is filed within the one year period of review, the Industrial Board is bound by IC 1971, 22–3–3–4, *supra*, to adjudicate his claim on its merits. Furthermore, the opportunity for successive modifications which is provided to Gregg could conceivably result in Sun Oil bearing the costs incurred by Gregg for injury-related medical expenses throughout the duration of his life.[5]

■ Accordingly, the Board's "findings of fact" (in effect, conclusions of law) to the effect that 1) Sun Oil's liability for Gregg's medical expenses would terminate on August 12, 1983, and 2) its own jurisdictional powers contradict the statutory scheme for the award of continuing medical expenses. Those findings are contrary to law and are hereby vacated. For the present, the Industrial Board has exercised its discretion to award Gregg continuing medical expenses for the period of time which it deemed "necessary to limit or reduce the amount and extent of such impairment." IC 1971, 22–3–3–4, *supra*.[6] Gregg's award terminates on August 12, 1983. At that time, consistent with our decision herein, he can pursue an extension of the present award of continuing medical expenses, which is hereby affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.

---

5. In this regard, Indiana's scheme parallels those of forty-two jurisdictions in which medical benefits are essentially unlimited in duration and amount. A. Larson, *The Law of Workmen's Compensation* § 61.11 (1976). The present-day Indiana plan represents the culmination of numerous amendments to IC 1971, 22–3–3–4, Ind.Ann.Stat. § 40–1225 (Burns Code Ed.) which gradually expanded the period of time for which continuing medical expenses could be awarded. That history is traced at IC 1971, 22–3–3–4, § 40–1225 (Burns Code Ed.).

*See also, Mousley v. Curry* (1954), 124 Ind.App. 280, 117 N.E.2d 280.

6. We find that the language quoted is the only statutory limitation placed on the Industrial Board's power to award medical expenses once it has jurisdiction over an application. Accordingly, the length of time for which medical expenses can be awarded at any one time is committed to the Board's discretion. Jurisdiction, as the Industrial Board found, is not involved in the determination of the period of time which is covered by the award.