Marvin F. BERRY, Plaintiff–Appellant,

v.

ANACONDA CORPORATION, Defendant–Appellee.

No. 93A02–8811–EX–430.

Court of Appeals of Indiana, First District.

Feb. 20, 1989.

David J. Avery, Lebamoff Law Offices, Fort Wayne, for plaintiff-appellant.

Carolyn W. Spengler, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for defendant-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Plaintiff-appellant, Marvin F. Berry (Berry), appeals the denial by the Worker's Compensation Board (the Board) of his application for review of award wherein he requested additional medical services and supplies.

We affirm.

## STATEMENT OF THE FACTS

On January 25, 1984, Berry was employed by the defendant-appellee, Anaconda Corporation (Anaconda). While acting in the course of his employment, Berry was struck by a forklift truck which caused a spool of wire weighing approximately 3,700 pounds to fall on his body. Berry sustained numerous injuries, including, but not limited to, a fracture of the left clavicle, multiple pelvic fractures, multiple contusions to the shoulder and ribs, and a laceration of the bladder. Consequently, Berry had to undergo several surgical procedures for the repair of the pelvic area, including a penile implant and surgical corrections of recurrent urethral stricture. Anaconda paid for the medical services and supplies.

On February 18, 1986, the parties filed a stipulation for compromise award with the Board. On April 24, 1986, the Board issued an award (the award) approving and adopting the stipulation for compromise award. The award provided that Berry was entitled to receive temporary total disability (T.T.D.) payments for 50 weeks beginning on January 26, 1984, and running intermittently through September 19, 1985. The award further provided that Berry sustained a permanent partial impairment of the whole person of 12.5%, and was entitled to permanent partial impairment (P.P.I.) benefits for 62.5 weeks commencing on January 26, 1984. Finally, the award stated that while there was no present dispute between the parties as to the obligation of Anaconda to furnish Berry's medical services and supplies, the issue of Anaconda's responsibility for Berry's future medical expenses remained open for later determination by the Board. Nevertheless, as the need arose, Anaconda continued to provide medical services and supplies for Berry.

The issue of future medical bills was subsequently presented to the Board in briefs filed by Berry on June 23, 1986, and by Anaconda on July 8, 1986. On August 24, 1987, a single hearing member issued an award addendum denying Berry's request for future medical expenses. The hearing member stated that the evidence presented was too indefinite for such an award. Anaconda, which had continued to provide medical services and supplies for Berry through August 3, 1987, then notified Berry that it would no longer provide such benefits. Berry continued to require medical attention.

On March 10, 1988, Berry filed with the Board a Form 14 application for review of award on account of a change in conditions. Berry requested in part that Anaconda be responsible for the medical expenses he had incurred since August 3, 1987. On August 22, 1988, a single hearing member entered an award denying Berry's application on the basis that it was not timely filed pursuant to IND.CODE 22–3–3–4 and IND. CODE 22–3–3–27.

The hearing member, in her findings, stated that the last dates for which Berry was paid P.P.I. and T.T.D. benefits were March 24, 1985 and September 19, 1985, respectively. On October 19, 1988, the Board issued an award adopting the single hearing member's decision. Thereafter Berry perfected this appeal.

## ISSUE

Berry raises one issue for our review which is:

Whether the Board correctly applied the statutory provisions of IND.CODE 22–3–3–4 and IND.CODE 22–3–3–27 in denying Berry's application requesting additional medical services and supplies.

### DISCUSSION AND DECISION

Liability for medical expenses incurred by employees as a result of work related injuries is governed by IND.CODE 22–3–3–4. That provision states in part:

During the period of temporary total disability resulting from the injury, the employer shall furnish such physician, services and supplies, and the industrial board may on proper application of either party, require that treatment by such physician and such services and supplies be furnished by or on behalf of the employer as the industrial board may deem reasonably necessary. If after an employee's injury has been adjudicated by agreement or award on the basis of permanent partial impairment and within the statutory period for review in such case as provided in IC 22–3–3–27, the employer may continue to furnish a physician or surgeon and other medical services and supplies and the industrial board may within such statutory period for review as provided in IC 22–3–3–27, on a proper application of either party, require that treatment by such physician and other medical services and supplies be furnished by and on behalf of the employer as the industrial board may deem necessary to limit or reduce the amount and extent of such impairment.[1]

The Board, therefore, has jurisdiction to grant applications for medical expenses incurred subsequent to an award of workmen's compensation benefits so long as the application is "within such statutory period for review as provided in IC 22–3–3–27."

IND.CODE 22–3–3–27 states that:

The power and jurisdiction of the industrial board over each case shall be continuing and from time to time, it may, upon its own motion or upon the application of either party, on account of a change in conditions, make such modification or change in the award, ending, lessening, continuing or extending the payments previously awarded, either by agreement or upon hearing, as it may deem just, subject to the maximum and minimum provided for in this act.

Upon making any such change, the board shall immediately send to each of the parties a copy of the modified award. No such modification shall affect the previous award as to any money paid thereunder.

The board shall not make any such modification upon its own motion, nor shall any application therefor be filed by either party after the expiration of two (2) years from the last day for which compensation was paid under the original award made either by agreement or upon hearing, except that applications for increased permanent partial impairment are barred unless filed within one (1) year from the last day for which compensation was paid. The board may at any time correct any clerical error in any finding or award. (Footnotes omitted.)[2]

That provision, while providing the Board with power to modify awards, states that "the Board shall not make any such modification upon its own motion, nor shall any application therefor be filed ... after the expiration of two (2) years from the last day for which compensation was paid under the original award ... except that applications for increased permanent partial impairment are barred unless filed within one (1) year from the last date for which compensation was paid."

Berry contends the Board incorrectly applied these statutory provisions in denying his application requesting additional medical services and supplies. Citing *Gregg v. Sun Oil Co.* (1979), 180 Ind.App. 379, 388 N.E.2d 588, Berry asserts that the furnishing of his medical services and supplies up to August 3, 1987, constituted compensation as that term is used in IND.CODE 22–3–3–4 and IND.CODE 22–3–3–27. We disagree because the Worker's Compensation Act compels the result reached by the Board.

Throughout the act a distinction is maintained between awards for medical services and for P.P.I. and T.T.D. benefits. IND.

1. This statutory provision was amended in 1988 without substantive changes.

2. This statutory provision was amended in 1986 and 1988 without substantive changes.

CODE 22–3–3–27 establishes limitation periods for modification of awarded P.P.I. and T.T.D. benefits. IND.CODE 22–3–3–4 applies these limitation periods to the modification of awarded medical services and supplies. Medical services, therefore, are not compensation as that term is used under the act.

Berry's reliance on *Gregg* is misplaced. In *Gregg* the court stated:

Applications for the modification of an award of medical expenses must be filed within the latter one year statute of limitations, for that is the period of review incorporated by reference into the provisions of IC 1971, 22–3–3–4, *supra.* The language which constitutes the incorporation by reference expressly refers to the statutory period applicable to increased permanent partial impairment cases.

An examination of the two statutory periods of review delineated in IC 1971, 22–3–3–27, *supra,* reveals a distinction beyond the one year difference in limitation periods. The two year period dates from the "last day for which compensation was paid under the *original award*" (emphasis added), while the one year period applicable to increased permanent partial impairment and medical expense claims does not contain this "original award" qualification. *Id.* Consequently, no limitation is placed on the number of modifications which can be sought on the basis of an increase in permanent partial impairment or a continuation of medical expenses. *Luker v. Starcraft Co.* (1976), [171] Ind.App. [642], 358 N.E.2d 231, 233, fn. 9; *Bagwell v. Chrysler Corporation* (1976), [168] Ind.App. [110], 341 N.E.2d 799, 803. So long as the application is filed within one year from the last day on which compensation was paid, whether under the original award or a previous modification, the Industrial Board has jurisdiction to adjudicate the applicant's claim. (Footnotes omitted.)

*Id.* at 382–83, 388 N.E.2d at 590. The Board's decision, therefore, is supported by *Gregg.* Berry did not file an application requesting additional medical services and supplies until March 10, 1988. This was well past the limitation periods contained in IND.CODE 22–3–3–27 for as indicated earlier, Berry's P.P.I. and T.T.D. benefits ended on March 24, 1985 and September 19, 1985, respectively.

For the above reasons, Berry's argument is without merit. If the legislature had intended the result argued by Berry, it would have so stated. It is not our prerogative to rewrite plain statutory language. While the result is harsh, it is for the legislature to correct if it so desires. Consequently, this cause is affirmed.

JUDGMENT AFFIRMED.

RATLIFF, C.J. and ROBERTSON, J., concur.