**HALTEMAN SWIM CLUB,**
Appellant–Defendant,

v.

**Tonya Marie DUGUID,**
Appellee–Plaintiff.

No. 93A02–0106–EX–381.

Court of Appeals of Indiana.

Oct. 26, 2001.

Michael V. Gooch, Harrison & Moberly, LLP, Carmel, IN, Attorney for Appellant.

Charles R. Clark, Beasley & Gilkison, LLP, Muncie, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant Defendant, Halteman Swim Club (Halteman), appeals the decision of the Indiana Worker's Compensation Board (Board) denying its motion to dismiss an application for additional medical treatment filed by Appellee–Plaintiff, Tonya Marie Duguid (Duguid).

We reverse.

### ISSUES

Halteman raises one issue for our review, which we restate as: whether the one-year limitation for modifying permanent partial impairment (PPI) awards, as set forth in Ind.Code § 22–3–3–27, also applies to applications for post-PPI medical expenses under Ind.Code § 22–3–3–4(c).

### FACTS AND PROCEDURAL HISTORY

The following facts, as stipulated by the parties, were found by the Single Hearing Member and adopted by the Board. On June 29, 1996, Duguid suffered an injury while employed at the Halteman Village Pool as a lifeguard and swim instructor. Duguid underwent treatment and physical therapy, including a debridement, in August 1996. Halteman's worker's compensation carrier paid all expenses associated with this treatment. In June 1997, an MRI revealed a total tear to the anterior cruciate ligament (ACL) in Duguid's left knee. On July 22, 1997, Duguid underwent a procedure including an ACL reconstruction, a lateral release on the patella, and removal of scar tissue. The worker's compensation carrier paid all expenses as-

sociated with the surgery. During the surgery, two serrated staples were placed in Duguid's femur to secure the ligament graft.

Duguid's average weekly wage was $168.30 at the time of the original injury, with the temporary total disability (TTD) rate of $112.20. Halteman last paid TTD benefits on January 1, 1998. Duguid settled her original worker's compensation claim on April 23, 1998, on the basis of 17% PPI of the leg, totaling $3,825.00.

In October 1999, Duguid noticed pain in her left leg that was determined to be caused by the staples in her femur. On October 18, 1999, Duguid filed an Application for Adjustment (Application), alleging the need for payment of additional medical treatment. On December 13, 1999, Halteman moved to dismiss Duguid's Application as untimely and barred by the applicable statute of limitations. In December 1999, Duguid underwent surgery to remove the staples and a cyclops lesion of her ACL. Her medical providers submitted the medical expenses to Cincinnati Insurance Company, the worker's compensation carrier for Halteman, but the carrier declined to pay.

The parties submitted these facts, along with legal memoranda, to the Board for ruling on Halteman's motion to dismiss. In an order dated September 28, 2000 that incorporated the parties' stipulated facts, a Single Hearing Member denied Halteman's motion and granted Duguid's Application. Halteman timely filed its Request for Review by the Full Board.

On January 23, 2001, a hearing was held before the Board. By its Order of May 8, 2001, the Board adopted the Single Hearing Member's decision with the following modifications:

### ADDITIONAL FINDINGS

1. Following her July '97 surgery, Plaintiff had no pain or symptoms until October 1999. She immediately sought medical care and thereafter promptly filed an Application for Adjustment of Claim, and notified Defendant of the situation, after learning it was due to the staples in her leg.

2. Both the last payment of temporary total disability, and the settlement payment of PPI benefits were made less than two (2) years before Plaintiff filed her Application for Adjustment of Claim on October 18, 1999.

### CONCLUSIONS

1. But for the fact Plaintiff suffered the work-related injury on June 29, 1996, she would not have had the staples surgically implanted in her femur in July of '97, or removed in December of '99.

2. According to Indiana Code, Section 22–3–3–27, this Board has continuing jurisdiction over Worker's Compensation applications, and it may modify or change the Award on account of a change in conditions. The statute gives a party up to two (2) years from the last date for which compensation was paid under the original Award to file for a modification. The statute, specifically, makes an exception for applications for increased PPI, which are barred unless filed within one (1) year from the last day for which compensation was paid.

3. Plaintiff's Application does not seek increased PPI. Rather, Plaintiff is making a claim for the medical expenses related to the second surgery, as well as any termporary [sic] total disability that may be due to her.

4. Indiana Code, Section 22–3–3–4(c) provides that after an employee's injury has been adjudicated, this Board may "within the statutory period for review as provided in Section 27 of this chapter, on a proper application of either party, require that treatment by that physician * * * be furnished by and on behalf of the employer", as the Board may deem necessary to limit or reduce the amount and extent of the employee's impairment.

5. Defendant's argument [sic] the Court of Appeals in *Gregg v. Sun Oil Co.*, [180 Ind.App. 379] 388 N.E.2d 588 (1979), (rehearing denied) held that claims for post-PPI medical treatments must be filed within one (1) year from the last compensation paid, is rejected. To read *Gregg, supra*, to so limit an injured employee's claim for additional medical care, would contradict the intent of the Act.

### AWARD

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Worker's Compensation Board of Indiana, that Defendant's Motion to Dismiss, based on IC 22–3–3–27, filed with the Board on December 14, 1999, is hereby denied.

FURTHER, that Plaintiff's Application due to Change of Conditions, requesting additional medical care, is upheld and that Defendant shall provide Plaintiff with further medical care.

(Appellant's Appendix at 7 & 8). Halteman now appeals.

### DISCUSSION AND DECISION

█ Halteman argues that the Board erred as a matter of law in concluding that Halteman remained liable for Duguid's continued medical expenses beyond the one-year period referenced in Ind.Code § 22–3–3–27(c). Halteman contends that the benefits sought by Duguid constitute an increase in her PPI award, which action the statute specifically bars unless requested within one year from the date of the initial award. Duguid counters, and the Board so held, that the award she

seeks constitutes continued medical expenses and not an increase in her PPI award; hence, the two-year statute of limitation applies. When presented with an alleged error of law, our review is *de novo. See Murray v. Hamilton County Sheriff's Department,* 690 N.E.2d 335 (Ind.Ct.App. 1997).

Liability for an employee's work-related medical expenses is governed by Ind.Code § 22–3–3–4:

> After an employee's injury has been adjudicated by agreement or award on the basis of PPI ... the worker's compensation board may within the statutory period for review as provided in [Ind.Code § 22–3–3–27], on a proper application of either party, require that treatment by that physician and other medical services and supplies be furnished by and on behalf of the employer as the worker's compensation board may deem necessary to limit or reduce the amount and extent of the employee's impairment.

Ind.Code § 22–3–3–27 states:

> (c) The board shall not make any such modification upon its own motion nor shall any application therefore be filed by either party after the expiration of two (2) years from the last day for which compensation was paid under the original award made either by agreement or upon hearing, except that applications for increased PPI are barred unless filed within one (1) year from the last day for which compensation was paid.

■ Thus, Halteman remains liable for Duguid's additional medical expenses "incurred subsequent to an award of workmen's compensation benefits, so long as the application is filed within the statutory period of review provided in [Ind.Code § 22–3–3–27] which [Ind.Code § 22–3–3–4] incorporates by reference." *Gregg v. Sun Oil Co.,* 180 Ind.App. 379, 388 N.E.2d 588, 589 (1979). *Gregg* went on to conclude that "[a]pplications for the modification of

an award of medical expenses must be filed within the latter one year statute of limitations, for that is the period of review incorporated by reference into the provisions of IC 22–3–3–4." *Id.* at 590.

Duguid argues that this language from *Gregg* is mere dicta, as the actual issue in *Gregg* was whether the Board had continuing jurisdiction to award medical expenses beyond the statutory periods of review in Ind.Code § 22–3–3–27. Yet, in deciding that issue in the affirmative, we incorporated the issue now before us, concluding that the Board does have continuing jurisdiction to award medical expenses beyond the period of limitation set forth in Ind. Code § 22–3–3–27(c) so long as an application for such benefits "is filed within one year from the last day on which compensation was paid, whether under the original award or a previous modification." *Gregg,* 388 N.E.2d at 590.

In *Berry v. Anaconda Corp.,* 534 N.E.2d 250 (Ind.Ct.App.1989), we again faced this issue in the context of whether the one year statute of limitation began to run from the date of the last benefit payment (either PPI or TTD) or from the date of the last medical expense payment. In affirming the Board's determination that the statute of limitations began to run as of the last date benefit payments were made, we stated, "[t]he Board's decision, therefore, is supported by *Gregg.*" *Id.* at 253.

■ Duguid attempts to circumvent *Gregg,* as did the Board, by arguing that her Application was not for PPI, but for medical expenses. This is a distinction without a difference, however, as *Gregg* specifically applied its holding to medical expenses as well as to PPI. "The decisions of the appellate districts are law governing all of Indiana and cannot be disregarded." *Lincoln Utilities, Inc. v. Office of Utility Consumer Counselor,* 661 N.E.2d 562, 565 (Ind.Ct.App.1996). Under

the doctrine of *stare decisis*, we must follow the previous decisions of this court construing a statute unless provided with strong reason justifying departure. *Id.* Duguid has failed to provide any reason for deviating from *Gregg.*

*Gregg* was decided more than twenty years ago. Since then, the Legislature has modified Ind.Code §§ 22–3–3–4 & 27 on several occasions without changing the language at issue here. While Duguid disputes the reality of legislative acquiescence, we have long recognized its viability. *See Department of Revenue v. U.S. Steel Corp.*, 425 N.E.2d 659, 662 (Ind.Ct. App.1981)("When the court interprets a statute and the legislature fails to take action to change that interpretation, the legislature is presumed to have acquiesced in the court's interpretation.")

Therefore, we hold that the Board erred when it denied Halteman's motion to dismiss and remand to the Board for further proceedings consistent with this opinion.

SHARPNACK, C.J., and NAJAM, J., concur.