**Krste PRENTOSKI, Appellant,**

v.

**FIVE STAR PAINTING,
INC., Appellee.**

**No. 93A02–0410–EX–815.**

Court of Appeals of Indiana.

May 11, 2005.

Rehearing Denied Aug. 9, 2005.

George C. Patrick, George C. Patrick & Associates, P.C., Crown Point, IN, Attorney for Appellant.

Sharon Funcheon Murphy, Lewis Wagner, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Krste Prentoski ("Prentoski") filed an application for change of condition, which was dismissed by the Worker's Compensation Board ("the Board") after the Board determined that his application was filed outside the one-year statute of limitations established in Indiana Code section 22–3–3–27(c). Prentoski appeals and raises two issues which we reorder and restate as:

I. Whether the Board erred when it dismissed Prentoski's application because the single hearing member failed to hold a hearing on the motion to dismiss; and,

II. Whether the Board erred when it dismissed Prentoski's application as untimely pursuant to Indiana Code section 22–3–3–27(c).

Concluding that Prentoski's due process rights were not violated when the single hearing member failed to hold a hearing on the motion to dismiss, and the Board properly dismissed Prentoski's application

pursuant to Indiana Code section 22–3–3–27(c), we affirm.

## Facts and Procedural History

On March 27, 1997, Prentoski suffered an injury during the course and scope of his employment with Five Star Painting ("Five Star") when he fell twenty-five feet from scaffolding. As a result of the fall, Prentoski sustained injuries to his cervical spine, lumbar spine, left hip, left knee, left elbow, and left wrist. Prentoski filed an Application for Adjustment of Claim with the Board on October 16, 1997. Five Star paid temporary total disability benefits ("TTD benefits") to Prentoski from March 27, 1997, through December 18, 1998.

On March 23, 2000, a hearing was held on Prentoski's application. On April 6, 2000, the single hearing member found that Prentoski was not entitled to an award of TTD benefits because Prentoski reached a state of medical quiescence as of November 4, 1998, and Five Star paid TTD benefits to Prentoski from the date of the injury until December 18, 1998. Appellee's App. p. 24. The hearing member also found that Prentoski suffered a permanent partial impairment ("PPI") of 14% of the individual as a whole, and therefore, Prentoski was entitled to an impairment rating award of $7800. *Id.* at 25. On April 10, 2000, Five Star's insurance carrier issued a check to Prentoski in the amount of $7800. Concluding that the terms and conditions of the April 6, 2000 award were satisfied, the hearing member dismissed Prentoski's worker's compensation claim with prejudice on April 20, 2000. Appellee's App. p. 41.

On June 12, 2000, Prentoski filed a second Application for Adjustment of Claim requesting a hearing before the Board due to change of condition. On March 25, 2003, Five Star moved to dismiss Prento-

ski's application on the grounds that his application was filed outside the one-year statute of limitations established in Indiana Code section 22–3–3–27(c). Prentoski filed a memorandum in opposition to Five Star's motion on October 10, 2003, and Five Star filed a response on November 17, 2003. On May 10, 2004, the single hearing member issued an order dismissing Prentoski's application after finding that Prentoski was required to file his application within one year of December 18, 1998, the last date TTD benefits were paid. Appellee's App. pp. 61–62. The order was appealed to the full Board, and the Board held a hearing on Prentoski's application for review on August 30, 2004. The Board affirmed the single hearing member's decision on September 2, 2004. Appellant's App. pp. 8–9. Prentoski now appeals.[1] Additional facts will be provided as necessary.

## I. Hearing on Motion to Dismiss

█ Prentoski argues that the Board was required to hold a hearing on his application before granting Five Star's motion to dismiss, and its failure to do so violated his due process rights. In support of this argument he relies on *Pedigo v. Miller*, 175 Ind.App. 97, 369 N.E.2d 1100 (1977). In *Pedigo*, the claimant's application was dismissed because he failed to comply with the Board's order for physical examination and failed to properly prosecute his claim. *Id.* at 98, 369 N.E.2d at 1101. We reversed the Board's dismissal of the claimant's application and concluded in part:

> We hold that under the statutes providing workmen's compensation, as those statutes are currently written, the Industrial Board must provide a dismissal hearing at which time any claimant may present evidence of his eligibility.

---

1. Prentoski's request for oral argument is denied.

There are two important policy reasons for such a hearing. First, without a hearing, it is doubtful whether the claimant has been afforded due process of law. Second, proceedings before the Industrial Board are not grounded in formality; and the Industrial Board is not bound by the rules of civil procedure. Therefore, a dismissal based upon procedural deficiencies is antithetical to the Industrial Board's inherent fact-finding, thus substantive, purpose. The dismissal of Pedigo's claim did not even attempt to address the evidentiary basis of his claim.

*Id.* at 101, 369 N.E.2d at 1103.

The facts of this case are clearly distinguishable from those in *Pedigo,* The issue presented in this case is whether the Board has jurisdiction to hear Prentoski's application, and the facts relevant to this issue are undisputed. The Board concluded that it lacks such jurisdiction because the statute of limitations has expired. Consequently, unlike the claimant in *Pedigo,* under the Board's ruling, Prentoski is not entitled to a hearing on the merits of his application. We also observe that although no hearing was held by the single hearing member on Five Star's motion to dismiss, the legal issue involved is very narrow and both parties submitted briefs to the hearing member. Moreover, on review of the hearing member's decision, a hearing was held before the full Board at which both parties presented arguments on Five Star's motion to dismiss. Appellee's App. p. 63. Under these facts and circumstances, we conclude that Prentoski's due process rights were not violated when the single hearing member failed to hold a hearing on Five Star's motion to dismiss.

## II. Statute of Limitations

Prentoski also argues that the Board erred when it granted Five Star's motion to dismiss. Specifically, he asserts that he filed his application for increased partial impairment within one year of April 10, 2000, the date Five Star paid the PPI award, and therefore, his application was timely filed under Indiana Code section 22–3–3–27(c). Five Star contends that Prentoski was required to file his application within one year of December 18, 1998, the last date TTD benefits were paid. In this case the facts are undisputed and the Board was presented with a pure question of law; therefore, our standard of review is de novo. *See Stytle v. Angola Die Casting Co.,* 783 N.E.2d 316, 320 (Ind.Ct.App. 2003); *Halteman Swim Club v. Duguid,* 757 N.E.2d 1017, 1020 (Ind.Ct.App.2001) ("When presented with an alleged error of law, our review is de novo.").

Indiana Code section 22–3–3–27 provides:

(a) The power and jurisdiction of the worker's compensation board over each case shall be continuing and from time to time it may, upon its own motion or upon the application of either party, on account of a change in conditions, make such modification or change in the award ending, lessening, continuing, or extending the payments previously awarded, either by agreement or upon hearing, as it may deem just, subject to the maximum and minimum provided for in IC 22–3–2 through IC 22–3–6.

(b) Upon making any such change, the board shall immediately send to each of the parties a copy of the modified award. No such modification shall affect the previous award as to any money paid thereunder.

(c) The board shall not make any such modification upon its own motion nor shall any application therefor be filed by either party after the expiration of two (2) years from the last day for which compensation was paid under the origi-

nal award made either by agreement or upon hearing, except that *applications for increased permanent partial impairment are barred unless filed within one (1) year from the last day for which compensation was paid.* The board may at any time correct any clerical error in any finding or award.

Ind.Code § 22–3–3–27 (1991) (emphasis added). At issue in this case is the meaning of the phrase "the last day for which compensation was paid."

Our court has repeatedly held that the one-year statute of limitations begins to run from the date the claimant's PPI or TTD benefits ended. *Halteman Swim Club*, 757 N.E.2d at 1020 (citing *Berry v. Anaconda Corp.*, 534 N.E.2d 250, 253 (Ind. Ct.App.1989)). In *Berry*, the claimant's PPI and TTD benefits ended on March 24, 1985, and September 19, 1985, respectively. 534 N.E.2d at 253. Utilizing those dates as the last dates for which compensation was paid,[2] our court concluded that the claimant's application requesting additional medical services[3] filed on March 10, 1988 "was [filed] well past the limitations periods contained in" section 22–3–3–27(c). *Id.*

In *East Asiatic/Plumrose v. Ritchie*, 655 N.E.2d 87, 88 (Ind.Ct.App.1995), TTD benefits were paid to the claimant until April 16, 1990, and pursuant to an award made by the Board on October 25, 1990, PPI benefits were paid to the claimant until June 21, 1990. Our court held that June 21, 1990, was the last date for which compensation was paid and used that date in holding that the claimant's application for change of condition was timely filed.[4] *Id.* at 90.

In this case, Five Star paid TTD benefits to Prentoski from the date of the injury to December 18, 1998. In the April 6, 2000 award, the hearing member assigned a PPI rating of 14% to Prentoski and ordered Five Star to pay PPI benefits in the amount of $7800. In her order granting Five Star's motion to dismiss, the hearing member found that Prentoski's "PPI award equates to eighteen (18) weeks of benefits based on his average weekly wage ("AWW")." Appellee's App. p. 61. Therefore, the date Prentoski's PPI benefits ended was July 31, 1997. Accordingly, we conclude that Prentoski's June 12, 2000 application for change in condition was filed outside the one-year statute of limitations established in Indiana Code section 22–3–3–27(c) because the last date for which compensation was paid was December 18, 1998, the date Prentoski's TTD benefits ended.

## Conclusion

Prentoski's due process rights were not violated when the single hearing member

---

**2.** In *Berry*, the last date on which the claimant actually received compensation is not specified. However, the Board issued its award on April 24, 1986, several months after the last dates for which compensation (i.e. TTD and PPI benefits) was paid. *Id.* at 251.

**3.** In *Gregg v. Sun Oil Co.*, 180 Ind.App. 379, 383–84, 388 N.E.2d 588, 590 (1979), our court held that "[a]pplications for the modification of an award of medical expenses must be filed within the latter one year statute of limitations, for that is the period of review incorporated by reference into the provisions of IC 22–3–3–4."

**4.** In *Ritchie*, our court applied the two-year statute of limitations also found in section 22–3–3–27(c) because the claimant's application for change of condition asserted that he was entitled to increased disability payments. *Id.* at 88, 90. Also, unlike the claimant in this case, it appears that the claimant in *Ritchie* actually received her last payment on the date the PPI benefits ended. *Id.* at 90 ("In the present case, the last payment under the original award was made June 21, 1990.").

failed to hold a hearing on Five Star's motion to dismiss. Pursuant to Indiana Code section 22–3–3–27(c), the Board properly granted Five Star's motion to dismiss because Prentoski's application for change of condition was filed over one year after the last date for which compensation was paid.

Affirmed.

BAILEY, J., concurs.

SULLIVAN, J., concurs in result with opinion.

SULLIVAN, Judge, concurring in result.

Appellant Prentoski has not demonstrated that the Board's dismissal of his Application for Adjustment of Claim alleging a Change of Condition was erroneous. For this reason, I concur in affirmance of the Board's determination. My concurrence, however, is not without a degree of concern with respect to the date which triggers the running of the applicable statute of limitations as to such modifications.

The triggering language as set forth in I.C. § 22–3–3–27(c) is the "last day *for which* compensation was paid ...." (emphasis supplied). Thus, according to the statutory provision itself, any modification as to temporary total disability ("TTD") must be filed within two years of the last date for which TTD was paid. Any modification as to a permanent partial impairment ("PPI") rating must be filed within one year of the last date for which the impairment benefits were paid. *Id.*

Resolution of the issue of timeliness of an adjustment of claim application is rendered more difficult, however, because of

the language used in various Indiana case precedents. For example *Luz v. Hart Schaffner & Marx*, 771 N.E.2d 1230 (Ind. Ct.App.2002), *trans. denied, Halteman Swim Club v. Duguid*, 757 N.E.2d 1017 (Ind.Ct.App.2001), and *Berry v. Anaconda Corp.*, 534 N.E.2d 250 (Ind.Ct.App.1989), speak in terms of the day on which the last payment of compensation was made to the claimant rather than the last day of the period for which the compensation was paid. These cases and others like them would appear to emanate from *Gregg v. Sun Oil Co.*, 180 Ind.App. 379, 388 N.E.2d 588 (1979), *trans. denied.*

In *Gregg* this court was concerned with an application for medical expenses incurred and to be incurred after the claimant had received an original award. The decision of the court focused primarily upon the fact that the modification under the two-year limitation period was tied to the period for which compensation was paid under the *original award.* 180 Ind. App. at 383, 388 N.E.2d at 590. The court noted that such "original award" language was not an additional limitation under the one-year statutory provision dealing with permanent partial impairment awards or payment of medical expenses.[5] *Id.*

The court, however, shifted from its consideration of the statutory language i.e., "the last day *for which* compensation was paid," to a statement that limited the filing of a modification to a period of one year "from the last day *on which* compensation was paid." *Id.* (emphasis supplied). Although the change from "for which" to "on which" may have been inadvertent in the *Gregg* opinion, that difference in language has been perpetuated in the later cases.

---

**5.** The *Gregg* court therefore held that the Board might make an open-ended modification for newly determined and continuing medical expenses without any limitation of the period for which those medical expenses

would be required to be paid by the employer, so long as the claimant's application for such increased or continuing medical expenses was filed within the one-year statutory limitation period.

As to TTD payments, the payments are made for the period of the disability, and receipt of the payments therefore undoubtedly coincides with the period of the disability. *See Luz,* 771 N.E.2d at 1231–32. Therefore, the different phrasing as to the triggering date for the start of a modification application statute of limitation would not seem to create any practical problems.

However, as to PPI awards, the two dates could very well be different. A claimant might be awarded compensation for a period of time (such as the eighteen-week period of compensation awarded for the PPI in this case) which could date from the date of injury, as the majority holds here. If, however, the available time for filing a change of condition application dates from the time the total amount due for PPI was paid to Prentoski, April 10, 2000, the filing deadline would be different.

The *Halteman Swim Club* case quotes the portion of *Gregg* which holds the statute of limitations begins to run "as of the last day *on which* compensation was paid." 757 N.E.2d at 1020 (quoting *Gregg,* 180 Ind.App. at 383, 388 N.E.2d at 590.) (emphasis supplied). *Halteman Swim Club* also relies heavily upon *Berry, supra,* as follows:

> "In *Berry v. Anaconda Corp.,* 534 N.E.2d 250 (Ind.Ct.App.1989), we again faced this issue in the context of whether the one year statute of limitation began to run from the date of the last benefit payment (either PPI or TTD) or from the date of the last medical expense payment. In affirming the Board's determination that the statute of limitations began to run as of the last date benefit payments were made, we stated, '[t]he Board's decision, therefore, is supported by *Gregg.*'" *Id.* at 253.

Thus, I read *Halteman Swim Club* to make the time of receipt of a PPI payment the critical event regardless of the period for which the PPI was payable. In any event, although this court may appear to have rewritten the statute, in *Berry* the modification claim for additional medical expenses was filed approximately seven years after the last payment for PPI or TTD. Clearly, no matter what statute of limitations was used, or the period for which the compensation was paid, *Berry* filed too late.

In our case, Prentoski did not receive his PPI award and payment until April 10, 2000, when he received the lump sum $7800 check. Even though that payment may have been for the period of eighteen weeks beginning March 27, 1997, the payment itself was made much later. We thus seem to be focusing upon the precise language of the statute rather than the language used in the cases.

I note a further confusing aspect of our case. Prentoski, in his application, merely stated that he "needs benefits." Appellant's App. at 21. One must therefore assume that he has reference to a "need" for an increase in his impairment rating rather than a need for the payment of new medical expenses. This conclusion is reached from the clear implication of *Berry* that medical expenses paid or to be paid by an employer are not "benefits," nor are they "compensation" as contemplated by the time limitations of I.C. § 22–3–3–27.[6] *See* 534 N.E.2d at 253.

In any event, it is Prentoski's burden to demonstrate that the Board's determination of untimely filing is erroneous. In other words, he must show that the modification application was in fact timely. He

---

6. If we construe the time limitation to be from the date of the last payment, I agree that the last date for filing for increased PPI would be April 9, 2001, one year after April 10, 2000, when Prentoski received the $7800 PPI check.

has not done so. The filing may have been timely if the two-year limitation for TTD modifications were involved, but as heretofore noted, Prentoski is not claiming a new period of temporary total disability as a result of his March 27, 1997 injury.

Prentoski seeks either a modification of his PPI rating or new medical expenses necessitated by his 14% impairment rating as awarded. No matter whether we look to the date upon which he received the PPI benefit payment, April 10, 2000, or the eighteen-week period "for which compensation was paid," beginning with the date of injury, March 27, 1997, Prentoski filed too late.