ATTORNEY FOR APPELLANT
George C. Patrick
Crown Point, IN

ATTORNEY FOR APPELLEE
Sharon Funcheon Murphy
Indianapolis, IN

# In the
# Indiana Supreme Court

No. 93S02-0511-EX-605

KRSTE PRENTOSKI,

*Appellant (Plaintiff below),*

v.

FIVE STAR PAINTING, INC.,

*Appellee (Defendant below).*

Appeal from the Full Worker's Compensation Board, No. C-144134

On Petition To Transfer from the Indiana Court of Appeals, No. 93A02-0410-EX-815

**November 23, 2005**

**Per curiam.**

A Single Hearing Member of the Worker's Compensation Board dismissed Krste Prentoski's second application for adjustment of benefits after finding it untimely under Indiana Code Section 22-3-3-27(c). That subsection provides, "[A]pplications for increased permanent partial impairment are barred unless filed within one (1) year from the last day *for which* compensation was paid[.]" Ind. Code § 22-3-3-27(c) (emphasis added). The Full Board affirmed. Later, the Court of Appeals affirmed after agreeing the application was untimely because it was not filed within one year after the last date *for which* compensation was paid, even though it was filed

within one year after the date *on which* Prentoski received a lump-sum payment from his employer's insurance carrier for permanent partial impairment benefits that the Board determined were owed to him. Prentoski v. Five Star Painting, Inc., 827 N.E.2d 98, 102-03 (Ind. Ct. App. 2005). Prentoski petitioned to transfer.

A long line of Court of Appeals opinions has interpreted the language in Indiana Code Section 22-3-3-27(c) and similarly worded predecessor statutes to mean that the limitations period begins running on the last date "for which" compensation was paid rather than on some other date. *See, e.g.*, Gibson v. Indus. Bd., 176 Ind. App. 489, 376 N.E.2d 502, 504 (1978) ("[T]he Legislature did not choose a specified period of time after the date of the injury, or after the date of the award, or after the last payment of compensation. . . . Rather, the Legislature chose the last day for which compensation was paid."); Lambert v. Powers, 76 Ind. App. 77, 131 N.E. 420, 421 (1921) ("Time for filing such application does not run from the date of the award . . . but from the end of the compensation period fixed by the award."). However, as Judge Sullivan notes in his concurring opinion, a few opinions have initially quoted the statute correctly but then referred imprecisely to "the last date that [the employee] received" benefits under an earlier award, Luz v. Hart Schaffner & Marx, 771 N.E.2d 1230, 1234 (Ind. Ct. App. 2002), *trans. denied*; or "'the last day on which compensation was paid[.]'" Halteman Swim Club v. Duguid, 757 N.E.2d 1017, 1020 (Ind. Ct. App. 2001) (quoting Gregg v. Sun Oil Co., 180 Ind. App. 379, 388 N.E.2d 588, 590 (1979); Berry v. Anaconda Corp., 534 N.E.2d 250, 253 (Ind. Ct. App. 1989) (same).

To clarify, we agree the Court of Appeals' analysis of the statute of limitations in the present case correctly focused on the last date "for which" compensation was paid rather than the last date "on which" compensation was paid. We therefore grant transfer, adopt that portion of the opinion of the Court of Appeals that addresses the statute of limitations, and incorporate it by reference. *See* Ind. Appellate Rule 58(A)(1). We summarily affirm the part of the opinion of the Court of Appeals that addresses whether a hearing was required on Five Star's motion to dismiss. *See* App. R. 58(A)(2).

All Justices concur.